Charles Manuel WRIGHT, Appellant,

v.

The STATE of Texas, Appellee.

No. 45824.

Court of Criminal Appeals of Texas.

March 21, 1973.

Rehearing Denied April 11, 1973.

---

Howard B. Law, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The conviction is for robbery by firearms, the punishment 149 years imprisonment.

The evidence shows the appellant robbed J. O. Simpson by the use of a pistol. The sufficiency of that evidence to sustain the conviction is not challenged.

The appellant first complains that the state was erroneously permitted to test the knowledge of a witness who testified that the appellant's general reputation for being a peaceable, law-abiding citizen was good by asking "have you heard" questions concerning the offense for which he was being tried and acts alleged to have occurred subsequent thereto.

The appellant designates the following portion of the record as supporting his claim of error.

Question by the prosecutor: "I failed to ask you this, but had you heard that Charles Manuel Wright was arrested on September 27, 1967—"

Defendant's attorney: "Your Honor, I object to this and to any insinuation of the record after the alleged offense, we don't think that is material to this case and is prejudicial."

The Court: "I overrule the objection."

Defendant's attorney: "Note our exception."

Prosecutor: "For the offense of armed robbery and murder which occurred on August 6th, 1967, had you heard that?"

Witness: "Had I heard that? No, I just heard that he got picked up for investigation of armed robbery."

■ As soon as the witness had left the witness stand the appellant's counsel placed the prosecutor on the witness stand and showed that the murder to which prosecutor was referring in the above question occurred August 28, 1967, subsequent to the commission of the alleged offense for which he was being tried and prior to the time of his arrest on September 27, 1967.[1]

---

1. Appellant's counsel also showed the prosecutor knew appellant had been no-billed by the grand jury for the murder. This would not constitute bad faith in that the witness was only asked if she had heard appellant was *arrested* for the murder, which he had been, and not asked if she had heard he committed or was tried for that offense. It was not shown that the robbery referred to by the prosecutor was the one for which he was on trial.

The appellant's objection in the trial court concerned only the asking of "have you heard" questions about acts subsequent to the offense for which he was on trial.

■ Although the rule was different prior to the effective date of Article 37.07, Vernon's Ann.C.C.P., that article now permits either the state or the defendant during the hearing at the punishment phase of the trial to introduce evidence concerning the appellant's general reputation for being a peaceable, law-abiding citizen up until the time of trial. Therefore, the appellant's objection to the prosecutor's asking "have you heard" questions concerning matters occurring after the time of the alleged offense is without merit. See Broadway v. State, 418 S.W.2d 679 (Tex. Cr.App.1967); Ballew v. State, 452 S.W. 2d 460 (Tex.Cr.App.1970) and Frison v. State, 473 S.W.2d 479 (Tex.Cr.App.1971).

For the first time on appeal appellant additionally asserts that ". . . it is not proper for the State to show or attempt to show that the reputation of the defendant is bad because of the charge for which he is being tried."

■ It is still improper to permit a witness to testify that a defendant's general reputation for being a peaceable law-abiding citizen is bad based upon the offense for which he is being tried. Stephens v. State, 128 Tex.Cr.R. 531, 80 S.W.2d 980 (1935); Broadway v. State, supra (concurring opinion); Wilson v. State, 434 S. W.2d 873 (Tex.Cr.App.1968) and Frison v. State, supra. It is also improper to test the knowledge of a witness who has testified to the good reputation of a defendant for being a peaceable, law-abiding citizen by asking "have you heard" questions concerning the alleged offense for which he is being tried.

■ In this case the asking of the question and the answer given do not show reversible error. In the first place no objection was made on this ground at the time of trial. In addition, from the record in this case it is not entirely clear that the armed robber referred to by the prosecutor in his question was the same robbery for which he was then on trial, even though the robbery referred to in the question was committed on the same day alleged in the indictment in the case for which he was being tried. See Frison v. State, supra. Further, the answer of the witness does not reflect what effect the robbery offense referred to in the question had upon the appellant's reputation. What was said in King v. State, 133 Tex.Cr.R. 496, 113 S. W.2d 181 (1938) under similar circumstances is equally applicable here. That is:

> "The state was venturing on dangerous ground in the particulars mentioned, but it appears that the witness did not advise whether what he had heard had been good or bad, and we think the bill fails to reflect error which would call for a reversal."

See also Boone v. State, 149 Tex.Cr.R. 476, 196 S.W.2d 638 (1945);[2] Frison v. State, supra, and Grizzell v. State, 164 Tex.Cr.R. 362, 298 S.W.2d 816 (1956).

■ The appellant next contends that it was error to prevent him from placing before the jury evidence that he had been incarcerated for eighteen months prior to trial. He argues that such evidence was admissible to explain his lack of witnesses on the issue of alibi. The record does not show that he was deprived of any alibi witnesses. At a hearing out of presence of the jury the appellant named only one witness whose testimony he desired and who was not available as a witness. Later

---

2. The "have you heard" questions in Boone v. State, supra, may not have been properly framed. For a good discussion of that matter see Brown v. State, Tex.Cr. App., 477 S.W.2d 617 (1972) and Webber v. State, Tex.Cr.App., 472 S.W.2d 136 (1971).

the witness named did in fact testify. No error is shown.

■ The appellant also urges that it was error for the court to refuse to strike testimony given by him in answer to one of his own counsel's questions on direct examination which he says was non-responsive.

His counsel inquired: "Okay, were you employed after you left school? Did you have a job?" The appellant answered: "I went to reform school." We perceive no error in the court's refusal to strike this answer.

The appellant's last ground of error urges that the court erred in limiting his cross-examination of the witness Mrs. J. O. Simpson concerning the identification of photographs introduced after her initial testimony.

Although there were a number of eye witnesses to this robbery which occurred at a restaurant where a number of patrons were present, only two witnesses observed the appellant before he placed a mask over his face. Both of these witnesses testified and were unequivocal in their identification of the appellant. Both witnesses were cross-examined at length and without limitation. Later the defense placed into evidence two photographs. One was a photograph of the appellant (Defense Exhibit No. 2) and the other was a photograph of the appellant's brother. (Defense Exhibit No. 3). The next day appellant's counsel recalled the two witnesses for further cross-examination.

Mrs. Simpson was called to the stand and counsel were informed that she was suffering from a severe migraine headache and were admonished by the court not to repeat what had already been covered in earlier testimony.

After the photograph, Defense Exhibit No. 3, was exhibited to Mrs. Simpson and inquiry was made as to whether that was a picture she had identified at her place of business as being the appellant, Mrs. Simpson said she didn't know. The court commented that he didn't believe the witness was in condition to testify. Defense counsel said: "Okay, we have no further questions," and the witness was excused.

The other witness, Mrs. Marlow, was recalled to the witness stand and fully cross-examined by defense counsel. After she had been excused, defense counsel orally requested a continuance because of his inability to cross-examine Mrs. Simpson "about her identification of the picture in question."

■ A defendant is entitled to a fair opportunity to cross-examine a State's witness. Such cross-examination must be done with due regard to rules of evidence and within the sound discretion of the trial court.

■■ Under this record we are unable to find that the appellant was deprived of his right to cross-examine Mrs. Simpson. She was excused and another witness testified before complaint was made. Further, the appellant has not demonstrated in the record either at the time of trial or on his motion for new trial an abuse of discretion in the trial court's refusing to grant the requested continuance for the purpose of further cross-examination.

The judgment is affirmed.

Opinion approved by the Court.