John Lester SMITH, Appellant,

v.

STATE of Texas, Appellee.

No. 13–81–304–CR.

Court of Appeals of Texas,
Corpus Christi.

Aug. 26, 1982.

Rehearing Denied Sept. 23, 1982.

Discretionary Review Refused
Jan. 3, 1983.

Ronald Tonkin, Miles M. Whittington, Houston, for appellant.

John B. Holmes, Dist. Atty., Houston, for appellee.

Before BISSETT, UTTER and KENNEDY, JJ.

OPINION

KENNEDY, Justice.

Appellant was convicted of involuntary manslaughter and brings this appeal. We affirm.

The deceased was shot during an altercation with appellant in appellant's apartment. At the hearing on appellant's motion to suppress, Officer Pagel of the Houston Police Department testified that he arrived at the scene and saw the deceased being tended to by paramedics. He spoke with two witnesses, the deceased's wife and another, and was told that the shooting had occurred in appellant's apartment, that appellant was probably still inside the apartment, and what the apartment number was. Officer Pagel noticed a trail of blood leading up to the apartment. After knocking and receiving no response, he acquired a pass key from the management and let himself in. No one was inside, but Officer Pagel noticed a gun on the bed. He left the gun there and sealed off the apartment. One to two hours later Detective Motard, a homicide detective, arrived to investigate. He examined the gun lying on the bed and discovered an empty casing in it. Detective Motard ordered these items taken into custody and had numerous pictures taken of the inside of the apartment. He had not attempted to secure a warrant before doing so. He stated at the hearing on appellant's motion to suppress that he knew there were no suspects in the apartment when he arrived, but that he entered for the purposes of investigating and picking up pieces of physical evidence. It is the admission into evidence of the gun, bullet casing, and photos to which complaint is here made, the basis of that complaint being that such were obtained by an illegal, warrantless search. See *Mincey v. Arizona,* 437 U.S. 385, 98 S.Ct. 2408, 57 L.Ed.2d 290 (1978).

 This Court will not determine the validity of searches and seizure of evidence unless that which remains unchallenged is insufficient to support a conviction. *Brewster v. State,* 606 S.W.2d 325, 328 (Tex.Cr. App.1980). The admission of unlawfully

obtained evidence can be rendered harmless beyond a reasonable doubt by the remainder of the evidence in the record. *Bridger v. State,* 503 S.W.2d 801, 804 (Tex.Cr.App. 1974); *Clemons v. State,* 501 S.W.2d 92, 93–4 (Tex.Cr.App.1973).

■ In the instant case eyewitnesses saw appellant with a gun in his hand immediately prior to the shooting, although they did not witness the shooting itself. Appellant himself testified that he struck at the deceased with the pistol, that he had no recollection of pulling the trigger, but that the gun must have discharged accidentally. We hold that the error, if any, in the admission of the evidence seized and produced during the search of appellant's apartment to be harmless beyond a reasonable doubt. See, e.g., *Brewster v. State,* supra; *Wilder v. State,* 583 S.W.2d 349 (Tex.Cr.App.1979).

■ In his second ground of error appellant asserts that the trial court committed reversible error in instructing the jury on the lesser included offenses of murder, namely: involuntary manslaughter and criminally negligent homicide. Appellant requested instructions on these offenses, and then withdrew that request. Appellant does not question the sufficiency of the evidence to support either his conviction or the submission of a charge on the lesser included offenses, nor does he challenge the form of the charge. Rather, his position appears to be that the trial court may not so charge absent a request by the accused.

Involuntary manslaughter and criminally negligent homicide are lesser included offenses of the offense of murder. There was evidence to support the submission of these issues. See Tex.Penal Code Ann. §§ 19.02, 19.05, 19.07 (Vernon's 1974); Tex.Code Crim.Pro.Ann. Art. 37.09 (Vernon's 1981). Appellant has no ground for complaint. See *Wallace v. State,* 145 Tex.Cr.R. 625, 170 S.W.2d 762, 766 (1943). His second ground of error is overruled.

■ Complaint is next made concerning the exclusion of evidence regarding the drinking habits of the witnesses Loomis and Boyd. Each admitted to having been drinking prior to their arrival at appellant's apartment just before the shooting. Although the witnesses may be impeached by showing that they were drunk at the time of the event about which they testified, such may not be accomplished by evidence of a general habit of intoxication. *Bituminus Casualty Corp. v. Martin,* 478 S.W.2d 206, 209 (Tex.Civ.App.—El Paso 1972, writ ref'd n.r.e.). The evidence here in issue falls squarely within this rule, and the trial court acted properly in excluding it.

■ Appellant contends that the trial court erred in refusing to instruct the jury on circumstantial evidence. As previously stated, appellant testified that the gun was in his hand when it discharged, which resulted in the deceased's death. Thus, the only element to be proved for which circumstantial evidence was relied upon by the State was that of intent, and no instruction was needed. *Cadd v. State,* 587 S.W.2d 736, 740 (Tex.Cr.App.1979). The testimony of appellant was direct evidence that he was the actor who brought about the death in question which does not require the instruction requested. *Williams v. State,* 566 S.W.2d 919, 924 (Tex.Cr.App.1978). Appellant's fourth ground of error is overruled.

■ Appellant next asserts error in the admission of testimony of the peace officer who arrested him. Appellant was approached, while hitchhiking on a public highway, by Deputy Croch of the Erath County Sheriff's Department, because he fit the general description of the subject of a manhunt. Deputy Croch had appellant place his bag and hands upon the car, patted him down, and asked for identification. Appellant told him that his name was Mike Case, produced a Texas Driver's License bearing that name, and said that he (appellant) was hitchhiking from California to Houston. It is appellant's contention that these statements were improperly admitted in that they were made in response to the deputy's questions prior to the giving of

*Miranda* warnings.[1] The constitutional safeguard enunciated in *Miranda* is not applicable when the statements admitted into evidence are not confessional in nature and in no way implicated the accused in the offense involved in the prosecution. *United States v. Kirk,* 528 F.2d 1057, 1062 (5th Cir.1976). See *Nielssen v. State,* 456 S.W.2d 928, 930 (Tex.Cr.App.1970). The statements here at issue do not fall within the *Miranda* rule, and there was no error in admitting them.

In his sixth ground of error appellant argues that reference made by the State's attorney to prior offenses during closing arguments constituted prosecutorial misconduct. Appellant had admitted on cross-examination to having been previously sentenced to six years in the penitentiary on four charges. In alluding to these offenses and suggesting that they tended to affect appellant's credibility, the State's attorney was not injecting new and harmful evidence. The ground of error is overruled.

The court admitted into evidence, over appellant's objection, a wedding photograph of the deceased. The witness, the deceased's widow, stated that the picture had been taken four years earlier and that her husband might have looked a bit older at the time of his death, but that the photo was an accurate representation of what he looked like during his lifetime. As such, the picture was admissible. *Alford v. State,* 505 S.W.2d 813, 815 (Tex.Cr.App.1974). No abuse of discretion is shown. *White v. State,* 478 S.W.2d 506, 509 (Tex.Cr.App. 1972). Appellant's seventh ground of error is overruled.

In his final ground of error appellant takes the position that it was necessary for the jury to make an affirmative finding of not guilty to the offense of murder before considering the lesser included offenses. This position is without merit. The jury's finding of guilty to the lesser included offense operated as an acquittal of the greater charge. *Turner v. State,* 518 S.W.2d 243, 244 (Tex.Cr.App.1975). This ground of error is overruled, and the judgment of the trial court is AFFIRMED.

---

1. *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).