Myles Bartholome TURNER, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–88–022–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Dec. 8, 1988.

Roger Bridgwater, Houston, for appellant.

Cathleen Herasimchuk, Houston, for appellee.

Before J. CURTISS BROWN, C.J.,
and MURPHY and ROBERTSON, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

A jury convicted Myles Bartholome Turner of murder and assessed punishment at twenty years in the Texas Department of Corrections. In addition, an affirmative

finding to the use of a deadly weapon in the course of the commission of the offense was made based on the jury's verdict. Appellant brings five points of error. We affirm.

■ In point of error one the appellant maintains that the trial court erred in permitting the State to question a witness before the jury about arrest for assault to murder purportedly committed by appellant that did not result in final conviction. We disagree.

TEX.R.CRIM.EVID. 405 provides as follows:

(a) Reputation or opinion. In all cases in which evidence of character or trait of character of a person is admissible, proof may be made by testimony as to reputation or by testimony in the form of an opinion. Provided however that in order to be competent to testify concerning the character or trait of character of the accused, a witness must, prior to the date of the offense, have been substantially familiar with the reputation of the accused. In all cases where testimony is admitted under this rule, on cross-examination inquiry is allowable into relevant specific instances of conduct.

(b) Specific instances of conduct. In cases in which character or trait of character of a person is an essential element of a charge, claim, or defense, proof may also be made of specific instances of his conduct.

Appellant called Brenda Francis as a character witness, in which her testimony at trial was as follows:

BY MR. MONCRIFFE:

Q. Did you have any problems with Myles Turner?

A. No, sir.

Q. What kind of person was he?

A. Myles was a peaceful guy, very passive. A lot of tenants knew Myles.

Q. Why?

A. Because he's easy to get along with person.

On cross-examination the prosecutor asked Brenda Francis the following:

Q. You said that he [The appellant] was a quiet guy, a passive guy. That is your opinion of his reputation?

A. Yes, it is.

Q. Did you know that he was arrested in 1967 for assault to murder?

A. No, I didn't.

Q. Did you also know that he was arrested in 1981—

MR. MONCRIFFE: Objection, Your Honor.

THE COURT: Overruled.

BY MS. BROCK:

Q. Did you also know that he was arrested in 1981 for assault to murder?

A. No, I did not.

Q. Does that change your opinion about whether or not he's a passive guy?

A. No, it doesn't.

Q. So even though he was arrested for those two offenses, by their nature are violent offenses, that doesn't change your opinion about whether or not he was passive?

A. No. I don't know anything about those situations.

Since rule 405 allows the witness to be crossed-examined on a relevant specific instances, we find that this evidence rule does not mandate a final conviction be obtained before the witness can be questioned about it. *Lancaster v. State*, 754 S.W.2d 493, 495–96 (Tex.App.—Dallas 1988, no pet.); *see,* 33 S. GOODE, O. WELLBORN, III AND M. CHARLOTTE, GUIDE TO THE TEXAS RULES OF EVIDENCE CIVIL AND CRIMINAL §§ 405.2–3, at 147–150 (1988). Appellant's first point of error is overruled.

■ Appellant's second point of error contends that the trial court erred in overruling appellant's motion for new trial when the State argued that appellant had used self defense three times. Appellant seems to be complaining of the following passage from the Prosecutor's closing argument.

They put on character witnesses. Ms. Francis, she says Myles Turner is a passive, peaceful guy. Does this look like the type of weapon that a passive, peaceful man owns? Does the actions of Myles Turner on November 13th sound

like they are consistent with someone who is passive?

You know, in the jury charge, the Judge tells you that you can't consider any past offenses in determining whether or not Myles Turner is guilty of this offense. What you can use those offenses for—

MR. BRANHAM: Object to that, Your Honor. It's improper, improper jury argument. We have a motion to that effect.

THE COURT: Overruled.

MS. BROCK: You can use those offenses in considering whether or not Myles Turner is a credible witness. You can also use those offenses to decide whether or not in their testimony Myles Turner is a peaceful, passive person.

What does Myles Turner tell you on the stand? This is the third time that he's come to a court of law and said that he acted in self-defense.

MR. BRANHAM: Object, strenuously object to that.

THE COURT: Sustained.

MR. BRANHAM: Would you instruct the jury to disregard?

THE COURT: The jury will disregard.

We find that we are precluded from reviewing or considering the juror's testimony which was conducted at the motion for new trial. TEX.R.CRIM.EVID. 606(b).

■ Jury arguments should fall within one of the four general areas (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) answer to argument of opposing counsel; and (4) plea for law enforcement. *Landry v. State,* 706 S.W.2d 105, 111 (Tex.Crim.App.1985); *cert. denied,* 479 U.S. 871, 107 S.Ct. 242, 93 L.Ed.2d 167 (1986); *Todd v. State,* 598 S.W. 2d 286, 296–7 (Tex.Crim.App.1980); *Revada v. State,* 761 S.W.2d 426 (Tex.App.—Houston [14th Dist.], 1988, no pet.).

These remarks were summation of the evidence and are proper. Appellant's own testimony under cross-examination revealed the information the Prosecutor related to the jury during his closing statement. Thus, no reversible error is shown. TEX.R.APP.P. 81(b); *Denison v. State,* 651 S.W.2d 754, 761–763 (Tex.Crim.App.1983); *Alejandro v. State,* 493 S.W.2d 230, 231–32 (Tex.Crim.App.1973).

■ If the prosecutor's argument could be construed as improper, the record shows that the court sustained the appellant's general objection and instructed the jury to disregard the prosecutor's comment. Any possible error made by the prosecutor's jury argument at this point was cured. *McKay v. State,* 707 S.W.2d 23, 36 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Brown v. State,* 692 S.W.2d 497, 504 (Tex. Crim.App.1985); *Reed v. State,* 751 S.W.2d 607, 615 (Tex.App.—Dallas 1988, no pet.). Appellant's second point of error is overruled.

In points of error three through five, the appellant asserts he should have been permitted to cross-examine the State's witnesses and present his own witnesses to testify to the alcohol and drug usage of the deceased and witness Gerald Harrington, prior to the date in which the purported murder took place.

Defense counsel offered this testimony pursuant to TEX.PENAL CODE ANN. § 19.06. This statute states:

In all prosecutions for murder or voluntary manslaughter, the state or the defendant shall be permitted to offer testimony as to all relevant facts and circumstances surrounding the killing and the previous relationship existing between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the offense.

The determination of admissibility of evidence is within the sound discretion of the trial court, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex.Crim.App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986).

■ State's witness Gerald Harrington, like a defendant, cannot be impeached for being a bad person in general. *Hoffman v. State,* 514 S.W.2d 248, 251–2 (Tex. Crim.App.1974). His past alcohol or drug

usage is irrelevant and inadmissible for impeachment purposes. TEX.R.CRIM.EVID. 402; *Cravens v. State*, 687 S.W.2d 748, 750–51 (Tex.Crim.App.1985); *Kennedy v. State*, 150 Tex.Crim. 215, 200 S.W.2d 400, 404–405 (1947) (may show intoxication only at the time of the event witness is testifying about.); *Epley v. State*, 704 S.W.2d 502, 504 (Tex.App.—Dallas 1986, no pet.) (testimony of drug use was not admissible to impeach a witness); *Smith v. State*, 644 S.W.2d 500, 502 (Tex.App.—Corpus Christi 1982, pet. ref'd.). Likewise, Betty Alston, common law wife of the deceased, could not be cross-examined as to whether her husband had ever taken qualudes before the night of his death. TEX.R.CRIM.EVID. 402; *Cravens*, 687 S.W.2d at 750–751; *Kennedy*, 200 S.W.2d at 404–405; *Epley*, 704 S.W.2d at 504; *Smith*, 644 S.W.2d at 502. Finally, Brenda Francis, a defense witness, could not be questioned as to whether she had ever seen witness Gerald Harrington or the deceased Michael Alston using drugs prior to the date in which the purported murder took place. This question is irrelevant and inadmissible. TEX.R. CRIM.EVID. 402; *Cravens*, 687 S.W.2d at 748; *Kennedy*, 200 S.W.2d at 404–405; *Epley*, 704 S.W.2d at 504; *Smith*, 644 S.W.2d at 502. The only relevant inquiry is whether the deceased and/or Gerald Harrington were under the influence of drugs at the time of the murder or whether the use of drugs had any connection to the commission of the crime itself. TEX.PENAL CODE ANN. § 19.06. *See also, Smith*, 704 S.W.2d at 502. We find that the trial court did not abuse its discretion in excluding the complained of questioning and testimony. *Werner*, 711 S.W.2d at 643; *Cravens*, 687 S.W.2d at 754.

The appellant's third through fifth points of error are overruled. The judgment of the trial court is affirmed.