Fletcher v. State 






NO. 10-90-138-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DAVID FLETCHER,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From 361st Judicial District Court
Brazos County, Texas
Trial Court # 19,395-361

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          A jury convicted Appellant of delivery of a controlled substance and the judge set his
punishment at thirty years in prison. See Tex. Health & Safety Code Ann. § 481.112.
(Vernon 1991). Appellant contends that he was denied the right to cross-examine a State's
witness. We will overrule this point and affirm the judgment.
          Appellant sold five "rocks" of "crack cocaine" to Rafus McGill, a confidential informant
working with the Brazos County Narcotics Task Force, and Dan Jones, an investigator with the
College Station police department. During the transaction, Appellant and McGill left Jones's
sight, so that McGill was the only witness to the delivery. At trial, Appellant sought to cross-examine McGill about his prior use of drugs. After the State's objection was sustained, the
proffered testimony was included in a bill of exception.
          Appellant complains that the court's refusal to allow him to cross-examine McGill about
his drug use denied him the right to "confront and cross-examine a witness in violation of Article
6, U. S. Constitution and Article 1, Section 10, Texas Constitution." A defendant is entitled to
a fair opportunity to cross-examine a state's witness. Wright v. State, 491 S.W.2d 936, 939 (Tex.
Crim. App. 1973). Such cross-examination must be done with due regard to rules of evidence and
is within the sound discretion of the trial court. Id.
          The parties agree that specific instances of misconduct may not be used to attack the
credibility of a witness and may not be inquired into on cross-examination. See Tex. R. Crim.
Evid. 608(b). They disagree, however, on Appellant's purpose in wanting to show McGill's
prior drug use. The State contends that the testimony in the bill of exception falls squarely within
the prohibition of the rule, while Appellant contends that he sought to "illuminate why the task
force was using [McGill] and whether he was still using drugs during the period he was working
for the task force." See id. 
          This question has been answered by the rule enunciated in Epley v. State, 704 S.W.2d 502,
504 (Tex. App.--Dallas 1986, pet. ref'd):
 [W]e conclude that testimony of drug abuse is not in itself admissible to impeach
a witness. The evidence must show an impairment of mental or moral sensibilities as a
result of either recent or habitual drug abuse. No such evidence was offered here.
See also Turner v. State, 762 S.W.2d 705 (Tex. App.--Houston [14th Dist.] 1988, pet. ref'd).
          Because the rejected testimony shown by the bill of exception does not show recent or
habitual drug abuse, we hold that the court properly refused to allow cross-examination of McGill
on that topic.
          Appellant's point is overruled and the judgment is affirmed.
 
                                                                                 BILL VANCE
                                                                                  Justice

Before Chief Justice Thomas, Justice Cummings,
          and Justice Vance
Affirmed
Opinion delivered and filed February 21, 1991
Do not publish