Joe Marion **LONGORIA**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–87–454–CR.

Court of Appeals of Texas, Corpus Christi.

Dec. 30, 1988.

Joseph E. Garcia, Portland, for appellant.

Thomas L. Bridges, Sinton, for appellee.

Before NYE, C.J., and BENAVIDES and DORSEY, JJ.

## OPINION

NYE, Chief Justice.

Joe Longoria appeals his conviction of burglary with enhancement. Trial was to a jury which assessed punishment at life imprisonment in the Texas Department of Corrections and a $10,000.00 fine. Appellant brings three points of error for review.

On May 24, 1987, at approximately 2:00 a.m., appellant emerged from behind a building onto a four lane street carrying a box. Officer Joaquin Martinez saw appellant stagger across the street and arrested him for public intoxication. The box appellant was carrying contained goods belonging to the Aransas Glass Company which, unbeknownst to Officer Martinez at the time of appellant's arrest, had been burglarized that night.

By his first point of error, appellant urges that the trial court erred in refusing to suppress evidence of the box, arguing that the arrest was merely a pretext to provide Officer Martinez the opportunity to search the box. Reviewing the evidence in the light most favorable to the trial court's ruling, we find no reversible error.

At the pretrial hearing on appellant's motion to suppress, Officer Martinez testified that he observed appellant stagger across the street toward his patrol car. He

believed, based on this observation, that appellant was "intoxicated to a very heavy state." Officer Martinez testified that at this point he decided to arrest appellant for public intoxication and did so once appellant reached the patrol car.

■ All warrantless arrests and searches are unreasonable unless shown to be within one of the exceptions to the rule that an arrest or a search must rest upon a valid warrant. *Wilson v. State*, 621 S.W. 2d 799, 803–4 (Tex.Crim.App.1981); *Dill v. State*, 697 S.W.2d 702, 705 (Tex.App.—Corpus Christi 1985, no pet.). The exception applicable here allows a peace officer to arrest an offender without a warrant for any offense committed in his presence or within his view. Tex.Code Crim.Proc.Ann. art. 14.01 (Vernon 1977).

■ Public intoxication is an offense. Tex.Penal Code Ann. sec. 42.08(a) (Vernon Supp.1989). Officer Martinez observed appellant, heavily intoxicated, crossing a public street. He believed appellant to be a danger to himself. At that time, the officer was unaware that any other crime had been committed in the area.

In the typical pretextual arrest situation, police officers are aware that a certain crime has been committed, and they seek some means by which to stop and detain the suspect, so they can question him or search for evidence. The individual under suspicion is often followed until he commits some infraction of the traffic laws, and arrest follows. *See Black v. State*, 739 S.W.2d 240, 243 (Tex.Crim.App.1987) (en banc); *see also Gutierrez v. State*, 502 S.W.2d 746, 748 (Tex.Crim.App.1973).

Here, Officer Martinez was not aware that the Aransas Glass Company had been burglarized. He could see, however, that appellant was very drunk. The trial court did not err in finding that the arrest was not merely a pretext to give Officer Martinez opportunity to glean evidence of some other crime.

■ The next question, then, is whether the search of the box was proper. We hold that it was. When appellant reached Officer Martinez' patrol car, the officer told

him to put the box on the trunk of the car because he was under arrest for public intoxication. The flaps of the box were open, and Officer Martinez could see at a glance that the box contained styrofoam packing material and a small flat box. When Officer Martinez glanced into the open box, appellant told him that it contained radios his wife had sent him to get. This was obviously an incorrect statement. When the box was searched, it was found to contain items belonging to the Aransas Company, a local business which had been burglarized that night.

Appellant argues that the officer lacked probable cause to search the box. Appellant was carrying the box when he was arrested; it was within his immediate control. We find that Officer Martinez did not need probable cause to search the box and that the officer's review of the contents of the box was a valid search incident to a custodial arrest. *See United States v. Robinson*, 414 U.S. 218, 233–37, 94 S.Ct. 467, 475–78, 38 L.Ed.2d 427 (1973); *Chimel v. California*, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); *Williams v. State*, 726 S.W.2d 99, 100–101 (Tex.Crim.App. 1986) (en banc). Officer Martinez was well within the bounds of the law when he examined the contents of the box. We overrule appellant's first point of error.

■ Appellant's second point of error urges that the trial court erred in admitting into evidence three statements made by appellant at the time of his arrest. Officer Martinez testified that prior to arrest, he observed appellant for a time and that, as appellant neared his patrol car, he, the officer, got out of the car and called to appellant, inquiring about what he was doing and what was in the box. Appellant responded that he was coming from his aunt's house with some groceries. However, when appellant reached the patrol car, Officer Martinez placed him under arrest and noticed that the open box did not appear to contain groceries. Appellant volunteered that there were radios in the box. The officer then said, "Joe, I think you're lying to me." Appellant responded with

his third statement, "Don't do this to me, man; don't do it."

It is undisputed that these three statements were all made prior to appellant's having been given the constitutional and statutory warnings necessary to make the fruits of custodial interrogation admissible at trial. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); Tex.Code Crim.Proc.Ann. art. 38.22 (Vernon 1979). However, appellant's second and third statements were made spontaneously and voluntarily and not as a result of any interrogation; therefore, the constitutional and statutory safeguards do not apply. Furthermore, appellant never contradicted the officer's version. *See Graves v. State*, 712 S.W.2d 627, 630 (Tex.App.—Dallas 1986, no pet.). The trial court's refusal to suppress these statements was not error.

■ Appellant's first statement, however, was made in response to Officer Martinez' question propounded at approximately the same point in time the officer decided appellant was to be arrested for public intoxication but prior to "formal" arrest. Appellant argues that the requisite warnings were not given prior to questioning and that admission of the statement was error. We disagree.

The constitutional safeguards set forth in *Miranda* as well as the statutory and constitutional safeguards of this state do not apply to statements admitted into evidence which are not confessional in nature and which do not implicate the accused in the offense involved in the prosecution. *Smith v. State*, 644 S.W.2d 500, 502–503 (Tex.App.—Corpus Christi 1982, pet. ref'd.); *United States, v. Kirk*, 528 F.2d 1057, 1062 (5th Cir.1976). *See Nielssen v. State*, 456 S.W.2d 928, 930 (Tex.Crim.App. 1970). Appellant's initial false statement regarding the contents of the box was neither confessional nor did it directly implicate him in the burglary. His second point of error is overruled.

In his third point of error, appellant asserts that the evidence is insufficient to support the verdict finding appellant guilty of burglary. This is a circumstantial evidence case. In reviewing the sufficiency of the evidence the appellate court must look at all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex.Crim.App.1984); *Fambro v. State*, 751 S.W.2d 956, 957 (Tex. App.—Eastland 1988, no pet.); *Vasquez v. State*, 694 S.W.2d 56, 60 (Tex.App.—Corpus Christi 1985, pet. ref'd).

■ In a circumstantial evidence case it is not required that the circumstances should, to a moral certainty, actually exclude every hypothesis that the act may have been committed by another person, but that the hypothesis is a reasonable one consistent with the circumstances and facts proved. It is enough if the conclusion of guilt is warranted by the combined and cumulative fact of all the incriminatory circumstances. *Castillo v. State*, 739 S.W.2d 280, 287 (Tex.Crim.App.1987).

■ The facts shown are these. Police observed appellant coming from behind a building adjacent to the one burglarized at 2:00 a.m. carrying a box. Appellant gave conflicting and false statements concerning the contents of the box. In fact, the box contained items later shown to have been taken from the burglarized building. There was evidence of forced entry into the burglarized building. The building was not open to the public, nor did the owner(s) give appellant permission to enter the building or take the property.

■ When the evidence shows that a burglary was committed by someone, there is testimony showing the accused's possession of property recently stolen from the burglarized premises and the accused gives conflicting statements concerning his possession, the proof is sufficient to support the jury verdict finding the defendant guilty. *Smith v. State*, 472 S.W.2d 121, 123 (Tex.Crim.App.1971); *Vasquez*, 694 S.W.2d at 60. We overrule appellant's third point of error.

The judgment of the trial court is AFFIRMED.