

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0888-08

**THAI NGOC NGUYEN, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

KEASLER, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, and HERVEY, J.J., joined. JOHNSON, J., filed a dissenting opinion. KELLER, P.J., HOLCOMB, and COCHRAN, J.J. dissented.

## O P I N I O N

Officer Vance Johnson failed to warn Thai Ngoc Nguyen of all of his rights under Section 3, Article 38.22, Texas Code of Criminal Procedure, when he arrested Nguyen for traffic violations and interrogated him. The court of appeals held that the trial judge erred in admitting Nguyen's oral statement, which constituted the crime of hindering apprehension,

because Officer Johnson failed to comply with Section 3.[1] We reject the State's claim that, despite the statutory violation, Nguyen's statement was admissible. We affirm the court of appeals's judgment.

### Facts

In August 2006, while on patrol in Dallas at 4:00 a.m., Officer Johnson stopped Nguyen for committing several traffic violations. After receiving different accounts from Nguyen and his passenger, Michael Sanchez, about where they had been and were heading, Officer Johnson asked for consent to search the car. Sanchez, who owned the car, gave Officer Johnson permission to conduct a search. Officer Johnson arrested Sanchez after discovering methamphetamine in his bag. Sanchez stated that the methamphetamine was not his and that it belonged to Nguyen. At Officer Johnson's direction, another officer took Nguyen into custody. Officer Johnson advised Sanchez of his *Miranda*[2] rights and placed Sanchez in the back of his patrol car. Officer Johnson then told Nguyen that he was under arrest "right now," presumably for the traffic violations. While Officer Johnson advised Nguyen of his rights under *Miranda* and Article 38.22(a), Texas Code of Criminal Procedure, Nguyen invoked his right to counsel.

Officer Johnson: Just like I told your friend, you have the right to remain silent, anything you say or do can and will be used against you in a court of law. You have the right to have an attorney present too.

---

[1] *Nguyen v. State*, No. 05-07-00030-CR, 2008 Tex. App. LEXIS 1991, at *13 (Tex. App.—Dallas Mar. 19, 2008) (not designated for publication).

[2] *Miranda v. Arizona*, 384 U.S. 436, 478-79 (1966).

Nguyen:                Right now?  Can I have one?
Officer Johnson:    An attorney?
Nguyen:                Yes sir.
Officer Johnson:    You can have one.  That's only if I am going to ask you questions about what is going on.

. . .

Officer Johnson:    So you want your attorney?
Nguyen:                I want a [sic] attorney.
Officer Johnson:    You want an attorney, is that correct?
Nguyen:                Yes.
Officer Johnson:    Okay, so I'm not going to ask you . . . .
Nguyen:                I want an attorney.
Officer Johnson:    That's only if I'm going to ask you questions with regard to the offense, okay?

The other officer then put Nguyen in the back of Officer Johnson's car with Sanchez.

A microphone and recording device in the patrol car recorded Nguyen and Sanchez's conversations.  As soon as Nguyen was seated, Sanchez begged Nguyen to take responsibility for the drugs.  After a few minutes, Nguyen yielded to Sanchez's request and called out for Officer Johnson to return to the car.  But, because the officers were involved in searching the car, they did not immediately respond.  Both Nguyen and Sanchez intermittently called out for Officer Johnson.  Finally, Officer Johnson walked toward the car.

When Officer Johnson opened the door, Sanchez told him that the methamphetamine belonged to Nguyen.  Officer Johnson informed Sanchez that he was not going to ask Nguyen about it.  Sanchez exclaimed that he is not "going down for [Nguyen's] shit." Nguyen responded, saying that he did not want to go to jail and wanted to go home.  Officer Johnson told him that he would not be going home; he would be going to jail.  After cautioning Nguyen that he was not asking him anything, Officer Johnson told Nguyen that

Sanchez was facing charges for him. Nguyen replied, stating that he is facing the same charge as Sanchez. Officer Johnson corrected him, telling him that he is facing charges for the traffic violations. Nguyen claimed that the methamphetamine did not belong to either of them, and Sanchez started to yell at Nguyen, pressuring him to take responsibility for the drugs. Officer Johnson closed the door and resumed his search of the car.

Sanchez continued to entreat Nguyen to take responsibility for the drugs. Nguyen gave in and told Sanchez to get Officer Johnson back to the car. When Officer Johnson returned and asked the two why they were yelling, Sanchez told him that the drugs belong to Nguyen. Nguyen confirmed this, saying that the drugs did not belong to Sanchez. After some debate between the three, Officer Johnson advised Nguyen to tell him if the drugs belong to him. Nguyen then said, "Honestly, I don't want to, but it's mine. Okay?" Officer Johnson then let Sanchez out of the car but told him that he was "not released." He also told him that he was no longer being charged with possession of the methamphetamine.

Alone in the car, Nguyen broke down and began to cry. Eventually, Officer Johnson resumed his search of the car. Minutes later, Officer Johnson discovered a tablet of ecstasy near or in an item belonging to Sanchez. Officer Johnson put Sanchez back in the patrol car with Nguyen. Sanchez asked Nguyen to take responsibility for the ecstasy, and when Officer Johnson returned to the car, Sanchez told him that the ecstasy did not belong to him. Nguyen agreed, but Officer Johnson told Sanchez that Nguyen did not take responsibility for the ecstasy. Officer Johnson then transported Nguyen and Sanchez to the police station.

## Trial Court Proceedings

Nguyen was charged with hindering Sanchez's apprehension because he falsely confessed to possessing the methamphetamine. Before trial, Nguyen filed a motion to suppress his recorded statements to Officer Johnson because he was subjected to custodial interrogation. In the motion, Nguyen alleged, among other things, that the statements were taken in violation of his right to counsel, guaranteed by the Texas Code of Criminal Procedure, Article 38.22. The trial judge carried the motion through Nguyen's bench trial. During the trial, Nguyen expanded on the complaints lodged in his motion. He claimed, among other things, that he was not informed of his right to terminate the interview as required by Article 38.22, Section 3(a).

After reviewing the recording from Officer Johnson's patrol car, Officer Johnson's testimony, and the parties' arguments, the trial judge denied Nguyen's motion. In doing so, she stated:

> I believe considering all of the facts and circumstances that I have heard, that [Nguyen] was well aware that by talking to the officer it [sic] could bring charges upon himself and that he knowingly and voluntarily re-initiated contact after having been given the bulk of his Miranda warnings.

The judge then found Nguyen guilty and sentenced him to forty-five days in the county jail. Nguyen was released that day, having been in custody for forty-five days while awaiting trial.

Nguyen filed a motion for a new trial, which was overruled by operation of law.

## Court of Appeals

In addition to challenging the legal sufficiency of the evidence to support his

conviction, Nguyen appealed the trial judge's ruling on his motion to suppress his statement.[3]

He alleged that "he was subjected to custodial interrogation without being given his complete *Miranda* and statutory warnings after he invoked his constitutional rights to silence and to an attorney."[4] The State claimed that Nguyen's statement, in which he took responsibility for the methamphetamine, was made without any interrogation by Officer Johnson.[5]

The Fifth Court of Appeals held that Nguyen was subjected to custodial interrogation: "[Nguyen's] statement was not spontaneous or volunteered; it was in direct response to a remark made by Officer Johnson that the officer should have known would elicit an incriminating response, particularly given the circumstances."[6] The court held that the trial judge erred in admitting Nguyen's statement; it was not taken in strict compliance with Article 38.22 because Officer Johnson failed to fully advise Nguyen of his rights under that provision.[7] Concluding that the violation of Article 38.22 constituted harmful error under Article 44.2(b), Texas Code of Criminal Procedure, the court reversed the trial judge's ruling.[8]

---

[3] *Nguyen*, 2008 Tex. App. LEXIS 1991, at *1.

[4] *Id.* at *8.

[5] *Id.*

[6] *Id.* at *12.

[7] *Id.* at *13.

[8] *Id.* at *14-15.

## State's Petition for Discretionary Review

We granted the State's petition for discretionary review to decide whether the court of appeals erred in holding that Article 38.22 was violated. In making this determination, we are confronted with three questions that the State raises for the first time, which the court of appeals did not address.[9]

- Did Officer Johnson obtain evidence of the offense for which Nguyen was prosecuted in violation of the law under Article 38.23, Texas Code of Criminal Procedure, because the evidence of the offense arose after the illegality under Texas Code of Criminal Procedure Article 38.22?

- Was Nguyen in custody for purposes of *Miranda* and Article 38.22 when Nguyen was arrested for traffic violations and later prosecuted for hindering apprehension?

- Do *Miranda* and Article 38.22 protect a defendant from the admission of a confession for its truth?

## Law

Before setting out the applicable law, we must first make it clear that our resolution of the questions presented by the State does not require us to address a violation of any federal constitutional rights under *Miranda*. The court of appeals reversed this case based solely on the violation of Article 38.22.[10] Therefore, the only issue properly before us is whether the court of appeals erred in reversing Nguyen's conviction under that provision.

---

[9] *See Rhodes v. State*, 240 S.W.3d 882, 887 n.9 (Tex. Crim. App. 2007) ("because the State prevailed at trial, we may in our discretion address subsidiary arguments that support the trial court's ruling that were not presented to the court of appeals.") (citing *Volosen v. State*, 227 S.W.3d 77, 80 (Tex. Crim. App. 2007)).

[10] *Nguyen*, 2008 Tex. App. LEXIS 1991, at *13-14.

So, contrary to the position taken by the dissent, we did not exercise our discretionary review authority to review the court of appeals's conclusion that Nguyen was subjected to official interrogation. The State did not petition on that basis, and without granting review of the interrogation issue on our own motion, which would have given the parties an opportunity to fully brief the issue, we should not reexamine the issue *sua sponte*.

Under Article 38.22, Section 3(a), an accused's oral statement, made as a result of custodial interrogation, is inadmissible against the accused in a criminal proceeding unless five requirements are met.[11] First, "an electronic recording" of the statement must be made.[12] Second, "prior to the statement but during the recording the accused [was] given the warning in Subsection (a) of Section 2 . . . and the accused knowingly, intelligently, and voluntarily waive[d] any rights set out in the warning."[13] Under Section 2(a), before the statement is made, the accused is warned of the following:

(1) he has the right to remain silent and not to make any statement at all and that any statement he makes may be used against him at his trial;
(2) any statement he makes may be used as evidence against him in court;
(3) he has the right to have a lawyer present to advise him prior to and during any questioning;
(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

---

[11]T EX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a) (Vernon 2005).

[12] *Id.* § 3(a)(1).

[13] *Id.* § 3(a)(2).

(5)     he has the right to terminate the interview at any time.[14]

Third, under Section 3(a), it must be shown that "the recording device was capable of making an accurate recording, the operator was competent, and the recording is accurate and has not been altered."[15]  Fourth, there has been an identification of all the voices on the recording.[16]  And fifth, defense counsel was given "a true, complete, and accurate copy of all recordings" at least twenty days "before the date of the proceedings."[17]  Strict compliance with Section 3(a) is required; therefore, for an accused's statement to be admissible, all of the requirements listed in subsection (a) must be satisfied.[18]

We have previously characterized Article 38.22 as a procedural evidentiary rule that governs admissibility; it is different from Texas's exclusionary rule, Article 38.23.[19]  Article 38.23 is a substantive rule that "mandates exclusion of evidence when it has been obtained in contravention of legal or constitutional rights."[20]  Explaining the difference between the

---

[14]  *Id.* § 2(a)(1)-(5) (Vernon 2005); *see also Dowthitt v. State*, 931 S.W.2d 244, 258 (Tex. Crim. App. 1996) ("the language in § 2(a) concerning who[, a magistrate or person receiving the statement,] may give the warnings does not apply to oral statements" under Section 3).

[15]T  EX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a)(3).

[16]  *Id.* § 3(a)(4).

[17]  *Id.* § 3(a)(5).

[18]  *Id.* § 3(e) (Vernon 2005).

[19]  *Davidson v. State*, 25 S.W.3d 183, 186 n.4 (Tex. Crim. App. 2000) (citing *Alvarado v. State*, 853 S.W.2d 17, 19 n.3 (Tex. Crim. App. 1993)).

[20]  *Id.*

two provisions, we have said that Article 38.22

> prescribes the various requirements that must be satisfied before a statement made by an accused as a result of custodial interrogation will be admitted against him/her at trial. That such requirements are not met does not mean that the statement was necessarily obtained as a result of any legal or constitutional violation, and art. 38.22 mandates exclusion by its own terms and without reference to art. 38.23.[21]

## Analysis

We begin with the first argument posed by the State. The State contends that Article 38.23 requires that evidence of a crime committed before the illegality (i.e., Officer Johnson's failure to comply with Article 38.22, Section 3) be suppressed, but evidence of a crime committed after the illegality (i.e., hindering apprehension) is not subject to suppression.[22] So when Officer Johnson failed to comply with Article 38.22, Section 3, evidence that Nguyen committed the offense of hindering apprehension did not yet exist; thus, the illegality of obtaining the statement did not occur in the process of obtaining evidence for the crime that Nguyen was charged with committing.

This argument, given the procedural posture of this case, is without merit. The contested issue here, based on the court of appeals's decision, is whether Article 38.22 bars the admission of Nguyen's statement. The court of appeals's decision hinged entirely on the

---

[21] *Id.*

[22] State's Br. at 7-8 (citing, among other cases, *Iduarte v. State*, 268 S.W.3d 544, 551 (Tex. Crim. App. 2008) (the exclusionary rule does not apply to evidence of subsequent, independent criminal act that is not connected to a prior unlawful entry by a law enforcement officer).

violation of Article 38.22, Section 3.[23]  And as explained above, Article 38.22 is a procedural evidentiary rule, independent of the statutory exclusionary rule set out in Article 38.23.[24] Additionally, to the extent that the State is arguing that we should treat Article 38.22 like Article 38.23, for the reasons stated in response to the State's third argument, we disagree. There is no statutory exception in Article 38.22 for statements that constitute a crime committed after law enforcement officials violated that provision in attempting to obtain evidence of a previously committed crime.

In its second argument, ignored by the dissent, the State contends that Nguyen's statement is admissible under Article 38.22 because Nguyen was not "in custody" for purposes of Article 38.22.  In making this argument, the State points out that Nguyen was arrested for traffic violations, not hindering apprehension; thus, he was not "in custody" for hindering apprehension.  The State relies on our 2007 decision in *Herrera v. State*.[25]  In that case, we held that an individual incarcerated for one offense is not necessarily "in custody" under *Miranda* and Article 38.22 when questioned by law enforcement officers about a separate offense.[26]

"Custody" under Article 38.22 can be satisfied in one of two ways: (1) when an

---

[23] *Nguyen*, 2008 Tex. App. LEXIS 1991, at *13-14.

[24] *Davidson*, 25 S.W.3d at 186 n.4.

[25] 241 S.W.3d 520 (Tex. Crim. App. 2007).

[26] *Id*. at 531.

individual is formally arrested, or (2) when an individual's freedom of movement has been restrained to the degree associated with a formal arrest.[27]  Our custody determination in *Herrera* was limited to the incarceration setting—where an inmate is in the custody of the government in a jail, prison, or similar institution but not otherwise under formal arrest.  In that setting, an individual is not "in custody" for purposes of Article 38.22 per se,[28] so the question turns on whether, under the facts and circumstances of the case, "a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave."[29] A formal arrest, however, always constitutes "custody" for purposes Article 38.22, regardless of the offense that prompted the arrest.[30]  And here, Nguyen was under arrest when he took responsibility for possessing the methamphetamine.  So for purposes of Article 38.22, Nguyen was "in custody."

Finally, the State asserts that Nguyen's statement was not offered for its truth, and Article 38.22 applies to statements only admitted for their truth.  Relying on four cases, the

---

[27]  *Thompson v. Keohane*, 516 U.S. 99, 112 (1995); *see also Bass v. State*, 723 S.W.2d 687, 691 (Tex. Crim. App. 1986) (our construction of "custodial interrogation" for purposes of Article 38.22 is consistent with the meaning of "custodial interrogation" under the Fifth Amendment).

[28]  *California v. Beheler*, 463 U.S. 1121, 1125 (1983); *Miranda*, 384 U.S. at 445.

[29]  *Miranda*, 384 U.S. at 532.

[30]  *See* TEX. CODE CRIM. PROC. ANN. art. 15.22 (Vernon 2005) ("A person is arrested when he has been actually placed under restraint or taken into custody by an officer or person executing a warrant of arrest, or by an officer or person arresting without a warrant"); *see also Berkemer v. McCarty*, 486 U.S. 420, 434 (1984); *Medford v. State*, 13 S.W.3d 769, 772-73 (Tex. Crim. App. 2000) (discussing meaning of "arrest").

State contends that Article 38.22 does not apply to statements that are not confessional in nature and do not implicate the accused in the offense prosecuted. To illustrate the State's argument, we start by examining the four cases that it cites.

The first case is *Nielssen v. State*.[31] Nielssen was charged and convicted of robbery by assault for hitting an elderly man over the head and demanding his money.[32] While in the emergency room, a police officer asked Nielssen how he "got injured."[33] Nielssen told the officer that he cut his hand on a window that he knocked out at his mother's house. On direct appeal to this Court, Neilssen argued that the trial judge erred in admitting his statement to the officer.[34] We disagreed and held that the "statement in no way implicated [Nielssen] in the robbery involved in this prosecution; it was made at the time when he was not under arrest, and is clearly not error."[35]

The second case is *United States v. Kirk*, a decision from the United States Court of Appeals for the Fifth Circuit.[36] Before his trial for threatening to kill the President, Kirk moved to suppress a statement he made to Secret Service agents in which he threatened to

---

[31] 456 S.W.2d 928 (Tex. Crim. App. 1970).

[32] *Id*. at 929.

[33] *Id*. at 930.

[34] *Id*.

[35] *Id*.

[36] 528 F.2d 1057 (5th Cir. 1976).

"blow" the President's "brains out."[37] Kirk was arrested for public intoxication by local authorities, and before he was given his *Miranda* warnings, he told local authorities that he was going to Washington, D.C. to kill the President.[38] The local authorities called in the Secret Service, and when they spoke to Kirk at the police station, Kirk made the statement threatening the President that he later sought to suppress.[39] The trial judge denied Kirk's motion.[40] The Fifth Circuit upheld the trial judge's decision, holding, "as a general rule it can be said that no fifth amendment problem is presented when a statement is admitted into evidence which is not confessional in nature, but in and of itself constitutes the crime charged."[41]

The third case is *Smith v. State*, a decision from the Corpus Christi Court of Appeals.[42] While hitchhiking, Smith was stopped by a police officer because he fit the general description of the suspect involved in a murder at Smith's apartment.[43] When the officer asked Smith for his identification, Smith identified himself as Mike Case and gave the officer

---

[37] *Id.* at 1060.

[38] *Id.* at 1059-60.

[39] *Id.* at 1060.

[40] *Id.*

[41] *Id.* at 1062.

[42] 644 S.W.2d 500 (Tex. App.— Corpus Christi 1982, pet ref'd).

[43] *Id.* at 501.

a Texas driver's license bearing that name.[44]  He also told the officer that he was hitchhiking from California.[45]  The court rejected Smith's claim that his statements were inadmissible because the officer questioned him before advising him of his rights under *Miranda*.[46]  Citing *Kirk* and *Nielssen*, the court held: "The constitutional safeguard enunciated in *Miranda* is not applicable when the statements admitted into evidence are not confessional in nature and in no way implicated the accused in the offense involved in the prosecution."[47]

*Burns v. State*, another case from the Corpus Christi Court of Appeals, is the fourth case cited by the State.[48]  After Burns was arrested for involuntary manslaughter, he asked the officer what he was charged with and why.[49]  The officer told Burns the charge and explained that there was a "dead kid laying under the car that [Burns] was allegedly driving."[50]  Burns said, "I didn't kill that fucking Spic."[51]  The officer then said, "Why did you want to call the boy that? He's dead; he's under the car."[52]  Burns then said, "Because

---

[44]  *Id.* at 502.

[45]  *Id.*

[46]  *Id.* at 502-03.

[47]  *Id.* at 503.

[48]  807 S.W.2d 879 (Tex. App.—Corpus Christi 1991, pet. ref'd).

[49]  *Id.* at 882.

[50]  *Id.*

[51]  *Id.*

[52]  *Id.*

that's what he is; he is a fucking Spic, and so are you."[53]

On appeal, Burns alleged that the trial judge erred in admitting his statements to the officer because he was under arrest and therefore in custody.[54] He complained that the admission of the statement violated Article 38.22.[55] The court held that the statement was not the product of interrogation.[56] The court also said, "statutory and constitutional safeguards do not apply to statements admitted into evidence which are not confessional in nature and which do not implicate the accused in the offense involved in the prosecution."[57]

In conducting our own research of the State's theory, we have found that Professor LaFave has labeled the theory as "New Crime" in his treatise on Criminal Procedure.[58] He notes that the Ninth and Eleventh United States Courts of Appeals have held that "new crime" statements fall outside the scope of *Miranda*'s exclusionary rule:

> What if during an interrogation in violation of *Miranda* the suspect responds to questioning with statements which themselves are criminal, such as an attempted bribe or a threat on the life of the president? Consistent with the approach taken with respect to the Fourth Amendment exclusionary rule, the courts have answered that the *Miranda* exclusionary rule need not be pushed

---

[53] *Id.*

[54] *Id.*

[55] *Id.*

[56] *Id.*

[57] *Id.* (citing *Longoria v. State*, 763 S.W.2d 597, 600 (Tex. App.—Corpus Christi 1988, no pet.).

[58] 3 Wayne R. LaFave, et. al., Criminal Procedure § 9.5(e) (2nd ed. 1999).

so far that such crimes-by-words cannot be proved and punished. Although often there will exist the added explanation that the crime was not responsive to the question asked and in that sense does not fall within *Miranda*'s coverage, the broader rationale is that the deterrent objective of the *Miranda* doctrine need not be extended so far as to thwart the punishment of such crimes, which are sufficiently infrequent and unpredictable as to be unlikely objectives of a police deviation from *Miranda*.[59]

We cannot accept the State's argument that Article 38.22, Section 3(a) permits the admission of an accused's oral statements that are not confessional in nature, do not implicate the accused in the offense prosecuted, or that constitute the crime charged. The Corpus Christi Court of Appeals in *Burns* erred in concluding otherwise.[60] Without analyzing the plain language of the statute, the court, in dicta, referred to Article 38.22 without any applicable precedent for doing so. It was wholly improper for the court to assume that any court-made exceptions to *Miranda*'s exclusionary rule apply under Article 38.22.[61] Similarly, the State's reliance on *Nielssen*, *Smith*, and *Kirk* is also misplaced. We found that Nielssen was not under arrest and therefore implied that Nielssen was not in custody. Further, we did

---

[59] *Id*. (citing *United States v. Paskett*, 950 F.2d 705 (11th Cir. 1992); *United States v. Gordon*, 974 F.2d 1110 (9th Cir. 1992); *United States v. Mitchell*, 812 F.2d 1250 (9th Cir. 1987)); *see also Lewis v. State*, 48 P.3d 1063, 1069-71 (Wyo. 2002)).

[60] *See also Longoria*, 763 S.W.2d at 600 (holding, "the constitutional safeguards set forth in *Miranda* as well as the statutory and constitutional safeguards of this state do not apply to statements admitted into evidence which are not confessional in nature and which do not implicate the accused in the offense involved in the prosecution") (citing *Smith*, 644 S.W.2d at 502-03; *Kirk*, 528 F.2d at 1062; *Nielssen*, 456 S.W.2d at 930)).

[61] *Cf. State v. Daugherty*, 931 S.W.2d 268, 270 (Tex. Crim. App. 1996) (holding that the inevitable discovery exception to the federal exclusionary rule is inapplicable to Article 38.23 based on plain language of Article 38.23).

not rely on Article 38.22, Section 3 in rendering our decision. The decisions in *Smith* and *Kirk*, which are not binding on us, also do not apply. Those decisions were based on the Fifth Amendment to the United States Constitution; thus, they did not deal with Article 38.22, Section 3.

To resolve the issue before us, we must examine the plain language of Section 3 to Article 38.22.[62] In construing the plain language, the rules of statutory construction require that we apply the terms of a statute to all cases not explicitly excepted by the Legislature.[63] The plain language of Article 38.22, Section 3 does not include the exception advanced by the State. Section 3(a) categorically provides, "No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless" the five statutory conditions are met.[64] The term "statement" in Section 3(a) is unqualified, minus the exceptions explicitly set forth by the Legislature. For instance, Section 3(c) states:

> Subsection (a) of this section shall not apply to any statement which contains assertions of facts and circumstances that are found to be true and which conduce to establish the guilt of the accused, such as the finding of secreted or stolen property or the instrument with which he states the offense was

---

[62] *Id.*; *see also Dowthitt*, 931 S.W.2d at 258-59 (applying plain meaning statutory construction analysis to Article 38.22, Section 3) (citing *Boykin v. State*, 818 S.W.2d 782, 785-86 & 787 n.4 (Tex. Crim. App. 1991)).

[63] *Daugherty*, 931 S.W.2d at 270 (citing 67 Tex. Jur. 3d Statute § 120 (1994); *Garcia v. State*, 829 S.W.2d 796, 800 (Tex. Crim. App. 1992)).

[64] TEX. CODE CRIM. PROC. ANN. art. 38.22 § 3(a).

committed.[65]

Section 5 also limits the application of Section 3:

> Nothing in [Article 38.22] precludes the admission of a statement made by the accused in open court at his trial, before a grand jury, or at an examining trial in compliance with Articles 16.03 and 16.04 of this code, or of a statement that is res gestae of the arrest or of the offense, or of a statement that does not stem from custodial interrogation, that has a bearing upon the credibility of the accused as a witness, or of any other statement that may be admissible under law.[66]

Based on the foregoing, we hold that the express language of Article 38.22 does not include an exception for statements that are not confessional in nature, do not implicate the accused for the offense prosecuted, or constitute an offense. Accordingly, we hold that Nguyen's oral statement was inadmissible under Section 3 of Article 38.22.

## Conclusion

We reject the State's arguments, advanced for the first time in this Court, that the court of appeals erred in holding that Nguyen's statement was inadmissible under Article 38.22, Section 3. The court of appeals's judgment is therefore affirmed.

DATE DELIVERED: July 1, 2009

---

[65] *Id*. § 3(c).

[66] *Id*. § 5; *see also Huffman v. State*, 746 S.W.2d 212, 220 (Tex. Crim. App. 1988) (recognizing impeachment exception); 41 GEORGE E. DIX AND ROBERT O. DAWSON, CRIMINAL PRACTICE AND PROCEDURE § 13.49 (2nd ed. 2001) (stating that the statement "nothing in this article precludes the admission . . . of a statement that may be admissible under the law" "reflects a lack of care in drafting and has no substantive significance whatsoever").

PUBLISH