

# IN THE
# TENTH COURT OF APPEALS

## No. 10-09-00116-CR

**GLEN RAY KELLY,**

            **Appellant**

 **v.**

**THE STATE OF TEXAS,**

            **Appellee**

### From the 18th District Court
### Johnson County, Texas
### Trial Court No. F41868

## MEMORANDUM OPINION

Glen Ray Kelly was convicted of the felony offense of driving while intoxicated, enhanced, and sentenced to 40 years in prison. TEX. PENAL CODE ANN. § 49.09(b) (West Supp. 2010). We affirm.

### COMPORT

In one issue, Kelly contends the trial court erred in failing to exclude a statement he made on video concerning his right to counsel while the arresting officer was reading to Kelly the statutory warning about submitting or refusing to submit to a breath test analysis. *See* TEX. TRANSP. CODE ANN. §§ 724.015, 724.061 (West Pamp. 2010

& West 1999). The State asserts that the argument made under this issue does not comport with the argument made at trial regarding the admissibility of the statement. We agree.

An objection at trial that does not comport with the complaint on appeal presents nothing for review. *Chambers v. State*, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995). Further, an objection stating one legal theory may not be used to support a different legal theory on appeal. *Id.* However, this appeal does not present a typical "does not comport" issue. There is no simple one line objection or theory proposed at trial that is so obviously different from what is argued on appeal. So that the parties understand why we agree that the arguments do not comport, we will explain what we believe the trial court understood the argument to be at trial and why it is different than the argument raised on appeal.

*Arguments Made*

Immediately prior to the start of the trial, after the jury had been selected, the trial court heard an oral motion to suppress or objection to the admissibility of the audio portion of a video recording of Kelly in the intoxilyzer room. Before playing the video, the trial court requested a one minute summary of Kelly's objection and the State's proposed response so the trial court could understand the general parameters of the parties' legal positions as a frame of reference as the trial court was watching the video.

Kelly's counsel began his summary by noting that within the 15 minute video, he counted at least six times where Kelly requested an attorney or stated that he would not do anything or sign anything without an attorney. He further noted that within the first

few minutes of the video, Kelly asks for an attorney.  After reciting a laundry list of potentially applicable protections, counsel then argued that the entire audio portion should not be admissible because of Kelly's request for an attorney.  Although Kelly's counsel agreed that the law is clear that Kelly did not have the right to counsel to advise him whether or not to take a breath test, he argued that article 38.22 of the Texas Code of Criminal Procedure required any oral statements made by a defendant to be recorded and required a defendant to be given the warnings set out in the article.  *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West 2005).  Counsel stated that article 38.22 required Kelly to be given the statutory warnings and required Kelly to voluntarily waive those rights before any part of the oral statement could be used.  He contended Kelly was never advised of his rights as required by article 38.22 and that he never waived his rights as required for the State to be able to use his statements.  Therefore, counsel argued, due to the violation of article 38.22, the entire audio portion of the video was not admissible because it was harmful for Kelly to exercise his Fifth Amendment privilege in front of a jury and because it would chill the exercise of this right to permit it.

The State responded, notwithstanding Kelly's recognition that the right to an attorney had not attached, that Kelly's Sixth Amendment right did not attach at the time the video was made because the filing of the complaint is the trigger to the Sixth Amendment right.  The State also argued that Kelly did not have the protections under the Fifth Amendment regarding the contents of the audio of both the field sobriety test and the request for the breath test.  The State informed the trial court that the Third

Kelly v. State                                                                                                          Page 3

Court of Appeals had examined both the Fifth Amendment right and the protection of Article 1 Section 10 of the Texas Constitution and found that the Texas Constitution did not provide any broader protections than the Fifth Amendment. The State further argued that the request for a breath test is not interrogation which is a requirement under the Fifth Amendment protection against self-incrimination as well as Article 1, Section 10. Also, the State continued, a defendant's refusal to give a breath sample is not an act of coercion. The State argued that the protections under article 38.22 did not apply because the video of Kelly in the interrogation room was not considered interrogation and article 38.22 required both custody *and* interrogation. The State contended that interrogation is not a part of the breath test refusal because the refusal is not testimonial, coerced, or interrogation. Therefore, the State's position was that the audio portion relating to the refusal and any request for an attorney during the breath test request was not subject to suppression because the protections under the Sixth Amendment and the Fifth Amendment did not apply.

The parties then clarified that the scope of the motion being decided was specifically limited to the audio portion of the videotape.

The trial court then summarized his understanding of the issue as follows: "So it's your understanding that although he was in custody, it was not a formal interrogation and therefore 38.22 wouldn't apply?" The videotape was then played three times in front of the trial court, interspersed with descriptions of the video and discussions of the application of several cases. This discussion covered ten pages in the reporter's record. After this discussion, the trial court granted Kelly's motion, in part,

suppressing most of the audio portion of the tape, but allowed the audio portion to be played until and including Kelly's statement, "You can have my license."

Once the trial court made its ruling, Kelly's counsel placed on the record his formal objection to the admission of the remaining audio portion of the videotape. That objection, in its entirety, is as follows:

> Now comes the Defendant, Glen Ray Kelly, who objects to the Court's ruling at the outset of the tape within the first four or five seconds the Defendant says "I'm not doing nothing without an attorney." 38.22 states that he has a right to have an attorney present during any questioning and that he must knowingly, intelligently and voluntarily waive his rights as set out. The Defendant complains on the Court's ruling in that the Defendant asserted his right to have an attorney. He did not in any fashion ever waive the right to have an attorney. So under 38.22 the statement should not be used. The fact of a refusal is admissible, that's been Texas law, does not conflict with deleting audio, the fact that an attorney is not provided for to advise on the decision does not support the use of the video that Miranda versus Arizona is the most important right in it has a chilling effect on the Defendant in exercise of a right because within the first four seconds he says "I'm not doing nothing without an attorney." Thank you, Judge.

The parties and the trial court then further discussed exactly what would be admitted and where the audio portion would be turned off. After the clarification, the trial court reaffirmed its ruling.

*Statutory Warnings*

Article 38.22 provides in part:

> Sec. 2. No written statement made by an accused as a result of custodial interrogation is admissible as evidence against him in any criminal proceeding unless it is shown on the face of the statement that:
> (a) the accused, prior to making the statement, either received from a magistrate the warning provided in Article 15.17 of this code or received from the person to whom the statement is made a warning that:

(1) he has the right to remain silent and not make any statement at all and that any statement he makes may be used against him at his trial;

(2) any statement he makes may be used as evidence against him in court;

(3) he has the right to have a lawyer present to advise him prior to and during any questioning;

(4) if he is unable to employ a lawyer, he has the right to have a lawyer appointed to advise him prior to and during any questioning; and

(5) he has the right to terminate the interview at any time; and

(b) the accused, prior to and during the making of the statement, knowingly, intelligently, and voluntarily waived the rights set out in the warning prescribed by Subsection (a) of this section.

Sec. 3. (a) No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless:

***

(2) prior to the statement but during the recording the accused is given the warning in Subsection (a) of Section 2 above and the accused knowingly, intelligently, and voluntarily waives any rights set out in the warning; …

TEX. CODE CRIM. PROC. ANN. art. 38.22, secs. 2, 3 (West 2005).

Article 38.22 is a procedural evidentiary rule that governs admissibility of an accused's statement. *Thai Ngoc Nguyen v. State*, 292 S.W.3d 671, 676 (Tex. Crim. App. 2009). It prescribes the various requirements that must be satisfied before a statement made by an accused as a result of custodial interrogation will be admitted against him/her at trial. *Id.* at 676-677. Like *Miranda*, the warnings set out by article 38.22 are intended to safeguard a person's privilege against self-incrimination during custodial interrogation. *Gardner v. State*, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009); *Herrera v. State*, 241 S.W.3d 520, 525-26 (Tex. Crim. App. 2007). *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

*Comparison of Arguments*

Kelly's objection at trial, in context, can only be fairly characterized as an objection that all of Kelly's statements, specifically including his repeated invocation of his right to counsel, but not limited to those statements, recorded on the videotape were recorded without complying with article 38.22 and the admission would therefore be in violation of article 38.22. ("So under 38.22 the statement should not be used."). The argument presented in his brief, however, is in no way about an alleged violation of article 38.22 and having a statement not taken in compliance with it admitted into evidence. Rather, the complaint on appeal is that the trial court erred in admitting the audio portion of the tape, specifically the audio portions where Kelly was invoking his right to counsel. Kelly's conclusion on appeal succinctly states his argument as follows: "The jury should never have been permitted to hear Appellant make his request, lest they erroneously assume that 'only guilty people refuse to talk to the police.'" We pause to note that no one asserted at trial the issue in this case is about the invocation of his right to remain silent, as the quote at the end of the conclusion in Kelly's brief implies. Rather, the question as presented to, and as understood by, the trial court was whether the statement was taken in violation of article 38.22 and therefore should not have been admitted. Indeed, the objection at trial was almost without regard to the content of the statement. Whereas, the issue as briefed is only about a portion of the

statement; that is, it is solely about those portions of the statement wherein Kelly asserted a right to counsel.[1]

## CONCLUSION

Thus, the argument presented on appeal does not comport with the objection at trial, and therefore, nothing is presented for review. Kelly's sole issue is overruled.

The trial court's judgment is affirmed.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Affirmed
Opinion delivered and filed February 16, 2011
Do not publish
[CRPM]

---

[1] We also agree with the State that because the audio portion of the videotape informs the jury of Kelly's level of impairment close in time to his operation of a motor vehicle, the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice. TEX. R. EVID. 403. *See Griffith v. State*, 55 S.W.3d 598 (Tex. Crim. App. 2001). And, no limiting instruction was requested.