IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-09-00116-CR

 

Glen Ray Kelly,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 18th District
Court

Johnson County, Texas

Trial Court No. F41868

 



memorandum opinion










 

Glen Ray Kelly was convicted of the felony
offense of driving while intoxicated, enhanced, and sentenced to 40 years in
prison.  Tex. Penal Code Ann. §
49.09(b) (West Supp. 2010).  We affirm.

Comport

In one issue, Kelly contends the trial
court erred in failing to exclude a statement he made on video concerning his
right to counsel while the arresting officer was reading to Kelly the statutory
warning about submitting or refusing to submit to a  breath test analysis.  See
Tex. Transp. Code Ann. §§
724.015, 724.061 (West Pamp. 2010 & West 1999).  The State asserts that the
argument made under this issue does not comport with the argument made at trial
regarding the admissibility of the statement.  We agree.  

An objection at trial that does not
comport with the complaint on appeal presents nothing for review.  Chambers
v. State, 903 S.W.2d 21, 32 (Tex. Crim. App. 1995).  Further, an objection
stating one legal theory may not be used to support a different legal theory on
appeal.  Id.  However, this appeal does not present a typical “does not
comport” issue.  There is no simple one line objection or theory proposed at
trial that is so obviously different from what is argued on appeal.  So that
the parties understand why we agree that the arguments do not comport, we will
explain what we believe the trial court understood the argument to be at trial
and why it is different than the argument raised on appeal.

Arguments Made

Immediately prior to the start of the
trial, after the jury had been selected, the trial court heard an oral motion
to suppress or objection to the admissibility of the audio portion of a video
recording of Kelly in the intoxilyzer room.  Before playing the video, the
trial court requested a one minute summary of Kelly’s objection and the State’s
proposed response so the trial court could understand the general parameters of
the parties’ legal positions as a frame of reference as the trial court was
watching the video.

Kelly’s counsel began his summary by
noting that within the 15 minute video, he counted at least six times where
Kelly requested an attorney or stated that he would not do anything or sign
anything without an attorney.  He further noted that within the first few
minutes of the video, Kelly asks for an attorney.  After reciting a laundry
list of potentially applicable protections, counsel then argued that the entire
audio portion should not be admissible because of Kelly’s request for an
attorney.  Although Kelly’s counsel agreed that the law is clear that Kelly did
not have the right to counsel to advise him whether or not to take a breath
test, he argued that article 38.22 of the Texas Code of Criminal Procedure
required any oral statements made by a defendant to be recorded and required a
defendant to be given the warnings set out in the article.  See Tex. Code Crim. Proc. Ann. art. 38.22
(West 2005).  Counsel stated that article 38.22 required Kelly to be given the
statutory warnings and required Kelly to voluntarily waive those rights before
any part of the oral statement could be used.  He contended Kelly was never
advised of his rights as required by article 38.22 and that he never waived his
rights as required for the State to be able to use his statements.  Therefore,
counsel argued, due to the violation of article 38.22, the entire audio portion
of the video was not admissible because it was harmful for Kelly to exercise
his Fifth Amendment privilege in front of a jury and because it would chill the
exercise of this right to permit it.

The State responded, notwithstanding
Kelly’s recognition that the right to an attorney had not attached, that
Kelly’s Sixth Amendment right did not attach at the time the video was made
because the filing of the complaint is the trigger to the Sixth Amendment
right.  The State also argued that Kelly did not have the protections under the
Fifth Amendment regarding the contents of the audio of both the field sobriety
test and the request for the breath test.  The State informed the trial court
that the Third Court of Appeals had examined both the Fifth Amendment right and
the protection of Article 1 Section 10 of the Texas Constitution and found that
the Texas Constitution did not provide any broader protections than the Fifth
Amendment.  The State further argued that the request for a breath test is not
interrogation which is a requirement under the Fifth Amendment protection
against self-incrimination as well as Article 1, Section 10.  Also, the State
continued, a defendant’s refusal to give a breath sample is not an act of
coercion.  The State argued that the protections under article 38.22 did not
apply because the video of Kelly in the interrogation room was not considered
interrogation and article 38.22 required both custody and
interrogation.  The State contended that interrogation is not a part of the
breath test refusal because the refusal is not testimonial, coerced, or
interrogation.  Therefore, the State’s position was that the audio portion
relating to the refusal and any request for an attorney during the breath test
request was not subject to suppression because the protections under the Sixth
Amendment and the Fifth Amendment did not apply.

The parties then clarified that the
scope of the motion being decided was specifically limited to the audio portion
of the videotape.  

The trial court then summarized his
understanding of the issue as follows:  “So it’s your understanding that
although he was in custody, it was not a formal interrogation and therefore
38.22 wouldn’t apply?”  The videotape was then played three times in front of
the trial court, interspersed with descriptions of the video and discussions of
the application of several cases.  This discussion covered ten pages in the
reporter’s record.  After this discussion, the trial court granted Kelly’s
motion, in part, suppressing most of the audio portion of the tape, but allowed
the audio portion to be played until and including Kelly’s statement, “You can
have my license.”  

Once the trial court made its ruling,
Kelly’s counsel placed on the record his formal objection to the admission of
the remaining audio portion of the videotape.  That objection, in its entirety,
is as follows:

Now comes the Defendant, Glen Ray Kelly,
who objects to the Court’s ruling at the outset of the tape within the first
four or five seconds the Defendant says “I’m not doing nothing without an attorney.” 
38.22 states that he has a right to have an attorney present during any
questioning and that he must knowingly, intelligently and voluntarily waive his
rights as set out.  The Defendant complains on the Court’s ruling in that the
Defendant asserted his right to have an attorney.  He did not in any fashion
ever waive the right to have an attorney.  So under 38.22 the statement should
not be used.  The fact of a refusal is admissible, that’s been Texas law, does
not conflict with deleting audio, the fact that an attorney is not provided for
to advise on the decision does not support the use of the video that Miranda
versus Arizona is the most important right in it has a chilling effect on the
Defendant in exercise of a right because within the first four seconds he says
“I’m not doing nothing without an attorney.”  Thank you, Judge.

 

The parties and the trial court then
further discussed exactly what would be admitted and where the audio portion
would be turned off.  After the clarification, the trial court reaffirmed its
ruling.

Statutory Warnings

            Article 38.22 provides in
part:

Sec. 2. No written statement made by an
accused as a result of custodial interrogation is admissible as evidence
against him in any criminal proceeding unless it is shown on the face of the
statement that:

            (a) the accused, prior to
making the statement, either received from a magistrate the warning provided in
Article 15.17 of this code or received from the person to whom the statement is
made a warning that:

            (1) he has the right to
remain silent and not make any statement at all and that any statement he makes
may be used against him at his trial;

            (2) any statement he makes
may be used as evidence against him in court;

            (3) he has the right to have
a lawyer present to advise him prior to and during any questioning;

            (4) if he is unable to
employ a lawyer, he has the right to have a lawyer appointed to advise him
prior to and during any questioning;  and

            (5) he has the right to
terminate the interview at any time;  and

            (b) the accused, prior to
and during the making of the statement, knowingly, intelligently, and
voluntarily waived the rights set out in the warning prescribed by Subsection
(a) of this section.

 

Sec. 3.  (a) No oral or sign language
statement of an accused made as a result of custodial interrogation shall be
admissible against the accused in a criminal proceeding unless:

***

            (2)  prior to the statement
but during the recording the accused is given the warning in Subsection (a) of
Section 2 above and the accused knowingly, intelligently, and voluntarily
waives any rights set out in the warning; …

 

Tex. Code Crim.
Proc. Ann. art. 38.22,
secs. 2, 3 (West 2005).  

            Article 38.22 is a
procedural evidentiary rule that governs admissibility of an accused’s
statement.  Thai Ngoc Nguyen v. State, 292 S.W.3d 671, 676 (Tex. Crim.
App. 2009).  It prescribes the various requirements that must be satisfied
before a statement made by an accused as a result of custodial interrogation
will be admitted against him/her at trial.  Id. at 676-677.  Like Miranda,
the warnings set out by article 38.22 are intended to safeguard a person's
privilege against self-incrimination during custodial interrogation.  Gardner
v. State, 306 S.W.3d 274, 294 (Tex. Crim. App. 2009); Herrera v. State,
241 S.W.3d 520, 525-26 (Tex. Crim. App. 2007).  See Miranda v.
Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

 

Comparison of Arguments

Kelly’s objection at trial, in context,
can only be fairly characterized as an objection that all of Kelly’s
statements, specifically including his repeated invocation of his right to
counsel, but not limited to those statements, recorded on the videotape were
recorded without complying with article 38.22 and the admission would therefore
be in violation of article 38.22.  (“So under 38.22 the statement should not be
used.”).  The argument presented in his brief, however, is in no way about an
alleged violation of article 38.22 and having a statement not taken in
compliance with it admitted into evidence.  Rather, the complaint on appeal is
that the trial court erred in admitting the audio portion of the tape,
specifically the audio portions where Kelly was invoking his right to counsel. 
Kelly’s conclusion on appeal succinctly states his argument as follows:  “The
jury should never have been permitted to hear Appellant make his request, lest
they erroneously assume that ‘only guilty people refuse to talk to the
police.’”  We pause to note that no one asserted at trial the issue in this
case is about the invocation of his right to remain silent, as the quote at the
end of the conclusion in Kelly’s brief implies.  Rather, the question as
presented to, and as understood by, the trial court was whether the statement
was taken in violation of article 38.22 and therefore should not have been
admitted.  Indeed, the objection at trial was almost without regard to the
content of the statement.  Whereas, the issue as briefed is only about a
portion of the statement; that is, it is solely about those portions of the
statement wherein Kelly asserted a right to counsel.[1]

Conclusion

Thus, the argument presented on appeal
does not comport with the objection at trial, and therefore, nothing is
presented for review.  Kelly’s sole issue is overruled.

The trial court’s judgment is affirmed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed February 16, 2011

Do
not publish 

[CRPM]









[1]
We also agree with the State that because the audio portion of the videotape
informs the jury of Kelly’s level of impairment close in time to his operation
of a motor vehicle, the probative value of the evidence was not substantially
outweighed by the danger of unfair prejudice.  Tex. R. Evid. 403.  See Griffith v. State, 55 S.W.3d
598 (Tex. Crim. App. 2001).  And, no limiting instruction was requested.