NO. 07-10-00424-CR
 
 IN THE COURT OF APPEALS
 
 FOR THE SEVENTH DISTRICT OF TEXAS
 
 AT AMARILLO
 
 PANEL D
 
--------------------------------------------------------------------------------
AUGUST 31, 2011
--------------------------------------------------------------------------------

 
 IIIANA SANCHEZ ALBRITTON, APPELLANT
 
 v.
 
 THE STATE OF TEXAS, APPELLEE 
--------------------------------------------------------------------------------

 
 FROM THE COUNTY CRIMINAL COURT NO 7 OF TARRANT COUNTY;
 
 NO. 1189372; HONORABLE CHERIL S. HARDY, JUDGE
--------------------------------------------------------------------------------

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

 MEMORANDUM OPINION
.
 
 Appellant Iliana Sanchez Albritton appeals her conviction of the offense of hindering apprehension or prosecution and the resulting sentence. Through one issue, she contends the evidence was insufficient to support her conviction. We will affirm.
 Background
 Appellant was charged by information alleging she "[w]ith intent to hinder the arrest, prosecution, or punishment of David Vega for the offense of harassment -- threats, or with intent to hinder the arrest of David Vega under the authority of a warrant or capias, did harbor or conceal David Vega, or provide or aid in providing David Vega with any means of avoiding arrest or effect escape, or warn David Vega of impending discovery or apprehension."
 Appellant plead not guilty and the case was tried to the bench. Three Fort Worth police officers testified in the State's case. David Vega testified on appellant's behalf.
The events leading to appellant's prosecution occurred about 3:00 p.m. on February 1, 2010. The officers testified they went to Vega Recycling, a business in which Vega was a principal, to serve an arrest warrant on him. A minute or two before they arrived at the business, one of the officers called the business's number to ask if Vega was there. Appellant, who was senior vice president and secretary of the business and then also had a personal relationship with Vega, answered the phone. She told the officer Vega was there but was busy. In that conversation, the officer did not identify himself or tell appellant the purpose of his inquiry.
When officers arrived at the business in unmarked cars, badges and weapons visible, the doors to the large industrial metal frame building housing Vega Recycling immediately were closed and locked with customers and employees still inside. One officer testified, "Right after we arrived they shut the doors to the business." At the front door, officers identified themselves, displayed their badges before the intercom camera, and explained through the intercom they had an arrest warrant for Vega. 
At a point in the sequence of events, Vega phoned the officer who earlier had called the business. Vega identified himself, and when the officer told him he had an arrest warrant for him, Vega said he was not at the business. The officer spoke to appellant on the phone for a second time and told her he was there with an arrest warrant for Vega.
Officers knocked on the door but no one would answer. One officer looked through the windows of the building and saw Vega and appellant standing together. He spoke through the window, calling Vega by name and saying "I see you." Appellant responded, "You don't see anything." Both appellant and Vega went behind a partition inside the building, outside the officer's view. 
Officers gained entry to the building about twenty minutes later, after Vega's parents arrived at the business. Officers conducted a thorough search of the building but were unable to access several locked offices. When they requested access, officers were told no one had a key. Neither appellant or Vega was located during the search. 
The officers testified to conversations with some Vega Recycling employees inside the building. One officer said an employee told him they were instructed not to open the doors. That employee attributed those instructions to appellant. The officer later testified, "We were told that [appellant] was the one that [sic] was giving the instructions to shut down the business. The rest of the employees are following her instructions." 
Vega testified he left Vega Recycling about an hour before officers said they arrived. Asked about the officer's testimony that appellant told the officer Vega was present, he responded it was not a true statement. He denied speaking with a police officer that day and testified appellant did not harbor or conceal him from police and did not warn him the officers were coming. He stated he learned of the warrant for his arrest from another person later that afternoon. He turned himself in the next day.
Vega also testified it was common for his business to close its doors with customers inside the building, and that because of a slow economy the business had very few customers at that time. Vega's testimony was impeached with evidence of prior felony convictions.
 The court found appellant guilty as charged and imposed a sentence including 100 days in Tarrant County Jail, probated for two years. This appeal followed.
 Analysis
 On appeal, appellant argues the evidence of her conduct is not sufficient to show her guilty of hindering Vega's apprehension. 
In reviewing the sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the court's judgment to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Brooks v. State, 323 S.W.3d 893 (Tex.Crim.App. 2010); Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); Clayton v. State, 235 S.W.3d 772, 778 (Tex.Crim.App. 2007). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; Clayton, 235 S.W.3d at 778. The trier of fact is the sole judge of the weight and credibility of the evidence. See Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); Brown v. State, 270 S.W.3d 564, 568 (Tex.Crim.App. 2008), cert. denied, 129 S. Ct. 2075, 173 L. Ed. 2d 1139 (2009). Thus, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d 735, 740 (Tex.Crim.App. 1999), cert. denied, 529 U.S. 1131, 120 S. Ct. 2008, 146 L. Ed. 2d 958 (2000). Instead, we "determine whether the necessary inferences are reasonable based upon the combined and cumulative force of all the evidence when viewed in the light most favorable to the verdict." Hooper v. State, 214 S.W.3d 9, 16-17 (Tex.Crim.App. 2007). We must presume that the fact finder resolved any conflicting inferences in favor of the prosecution and defer to that resolution. Jackson, 443 U.S. at 326; Clayton, 235 S.W.3d at 778.
A person is guilty of the offense of hindering apprehension or prosecution if it is shown that "with intent to hinder the arrest, prosecution, conviction, or punishment of another for an offense...or with intent to hinder the arrest of another under the authority of a warrant or capias, he: (1) harbors or conceals the other; (2) provides or aids in providing the other with any means of avoiding arrest or effecting escape; or (3) warns the other of impending discovery or apprehension." Tex. Penal Code Ann. § 38.05(a)(1) (West 2009). Whether the defendant possessed such an intent must ordinarily be established by circumstantial evidence. See Patrick v. State, 906 S.W.2d 481, 487 (Tex.Crim.App. 1995), cert. denied, 517 U.S. 1106, 116 S. Ct. 1323, 134 L. Ed. 2d 475 (1996) (intent may be discerned from the acts, words, and conduct of the accused); King v. State, 76 S.W.3d 659, 661 (Tex. App.--Houston [14th Dist.] 2002, no pet.).
Viewed in the light most favorable to the court's judgment, the evidence permitted the trial court, as fact finder, reasonably to infer that the closing of the doors to Vega Recycling when the officers arrived was not coincidental but was related to their arrival. That the officers were denied entry to the building, that Vega called the officer asserting he was not at the business, that Vega and appellant sought to avoid further contact with the officers standing outside the windows, and that employees said they were instructed not to open the doors all support such an inference. 
Rejecting appellant's contention otherwise, we find also the evidence reasonably supports a conclusion appellant at the least aided in the closing. Testimony attributed the instructions to "shut down the business" to appellant, the company's senior vice president. Appellant does not challenge the sufficiency of the evidence showing that the closing and locking of the doors to the building hindered the officers' entry and thus their ability to make contact with Vega. When officers finally were allowed entry to the building, they could not find Vega. 
Finally, the trial court also reasonably could have concluded, beyond a reasonable doubt, that appellant's actions were taken with the intent to hinder the officers' execution of the warrant for Vega's arrest. Testimony makes clear that appellant was made aware of the purpose of the officers' presence soon after their arrival. Given the conflicting inferences to be drawn from the officers' testimony and that of Vega, the trial court was free to resolve the conflict in favor of the officers' version. Dewberry, 4 S.W.3d at 740.
In sum, the trial court heard evidence from which it rationally could have found, beyond a reasonable doubt, that appellant hindered Vega's apprehension by aiding him in avoiding arrest. Jackson, 443 U.S. at 319.
Appellant refers to cases in which defendants hindered an arrest by lying to police. See, e.g., Thai Ngoc Nguyen v. State, 05-07-00030-CR, 2008 Tex.App. LEXIS 1991 (Tex.App. -- Dallas March 19, 2008) (mem. op., not designated for publication), aff'd on other grounds, 292 S.W.3d 671 (Tex.Crim.App. 2009); Black v. State, 02-07-023-CR, 2008 Tex.App. LEXIS 3089 (Tex.App. -- Fort Worth April 24, 2008, no pet.) (mem. op., not designated for publication); Sanford v. State, 12-04-00330-CR, 2006 Tex.App. LEXIS 3554 (Tex.App. -- Tyler April 28, 2006, pet. ref'd) (mem. op., not designated for publication). We do not agree that the act of hindering under the statute is limited to lying. Tex. Penal Code Ann. § 38.05 (West 2009).
Finding the evidence sufficient to support appellant's conviction, we overrule her appellate issue and affirm the trial court's judgment.

 James T. Campbell
 Justice

Do not publish.