FILED IN
COURT OF CRIMINAL APPEALS

DECEMBER 18, 2015

ABEL ACOSTA, CLERK

PD-1425-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 12/17/2015 9:46:31 AM
Accepted 12/18/2015 3:31:03 PM
ABEL ACOSTA
CLERK

PD-1425-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS


TONY CARRASCO,
PETITIONER

v.

THE STATE OF TEXAS

* * * * * * * * * *

Petition in Cause No. 13-01-7724, from the
286th District Court of Hockley County, Texas,
Hon. Pat Phelan presiding
and Cause No. 07-14-00001-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

* * * * * * * * * *

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net

Attorney for the Petitioner,
TONY CARRASCO

## IDENTITY OF JUDGE, PARTIES, AND COUNSEL
### (RULE 68.4(a), TEX. R. APP. PROC.)

A complete list of all parties to the trial court's judgment or order appealed from, and the names and addresses of all trial and appellate counsel includes:

TONY CARRASCO, Petitioner
TDCJ#01902935
Clements Unit
9601 Spur 591
Amarillo, TX 79107

THE STATE OF TEXAS, Respondent

FOR THE PETITIONER:

DAVID CROOK, Crook & Jordan
PO Box 94590
Lubbock, Texas 79493
(806)744-2082
 (806) 744-2083 (fax)
State Bar No. 05109530
Attorney for the Petitioner

TRIAL COURT JUDGE:

Hon. Pat Phelan
Hockley County Courthouse
802 Houston St., Suite 315
286th District Court, Hockley County
Levelland, TX 79336
(806) 894-8240
(806) 894-3891 (fax)

FOR THE STATE OF TEXAS:

MR. CHRISTOPHER E. DENNIS
ATTORNEY FOR THE
STATE OF TEXAS
Office of the District Attorney
Hockley County
802 Houston St., Suite 212
Levelland, TX 79336
(806) 894-3130
(806) 894-3543 (fax)

Hon. LISA McMINN
State Prosecuting Attorney
PO Box 12405
Austin, TX 78711
(512) 463-1660
(512) 463-5724 (fax)

## TABLE OF CONTENTS
### (RULE 68.4(a), TEX. R. APP. PROC.)

*PAGE*

PARTIES ……………………………………………………..……………….…………2

TABLE OF CONTENTS ………………………………………………………….......3

INDEX OF AUTHORITIES …………………………………………………………4

STATEMENT REGARDING ORAL ARGUMENT ……………………………………...6

STATEMENT OF THE CASE ……………………………………………………….....6

STATEMENT OF PROCEDURAL HISTORY ……………………………….…….........7

**PETITIONER'S GROUNDS FOR REVIEW**………………………………………...8

**NUMBER ONE: THE COURT OF APPEALS ERRED BY AFFIRMING DESPITE THE TRIAL COURT HAVING OVERRULED PETITIONER'S MOTION FOR A MISTRIAL IN THE TRIAL COURT, SINCE IN GUILT-INNOCENCE PHASE A STATE'S WITNESS REFERRED TO PETITIONER'S ALLEGED COMMISSION OF EXTRANEOUS OFFENSES THAT BY THEIR NATURE TENDED TO ESTABLISH WHAT THE STATE WAS TRYING TO PROVE AT TRIAL, TESTIMONY THAT WAS CLEARLY PREJUDICIAL AND COULD NOT BE CURED BY INSTRUCTION.**

**REASONS FOR REVIEW**:

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS…**……………………………………………………………8

ARGUMENT………………………………………………………………………....9

CONCLUSION AND PRAYER …………………………………………..…………...11

CERTIFICATE OF COMPLIANCE……………………………………………….…12

CERTIFICATE OF SERVICE …………………………………………………….…12

APPENDIX …………………………………………………………………….......13

**INDEX OF AUTHORITIES**
(RULE 68.4(b), TEX. R. APP. PROC.)

*PAGE*

**Case Law, State**

*Alexander v. State*, 229 S.W.3d 731 (Tex. App.—San Antonio 2007, pet. stricken)……………10

*Hernandez v. State*, 805 S.W.2d 409, 413-414 (Tex. Crim. App. 1990), *cert. denied*, 500 U.S. 960 (1991)…………………………………………………………………………………..10

*Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)…………………………………….9

*Music v. State*, 121 S.W.2d 606 (Tex. Crim. App. 1938)…………………………………10,11

*Norton v. State,* 771 S.W.2d 160, 167 (Tex. App.—Tex. 1989, pet. ref'd)……………………9

*Rojas v. State*, 986 S.W.2d 241, 251 (Tex. Crim. App. 1998)…………………………………9

*State v. Boyd*, 202 S.W.3d 393 (Tex. App.—Dallas 2007, pet. ref'd)…………………………...10

*State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993)………………………………10

*Stine v. State*, 300 S.W.3d 52 (Tex. App.—Tex. 2010, pet. dis'd)……………………………10

*Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009), *cert. denied*, 558 U.S. 1093, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009)…………………………………………..9,11

PD-1425-15

IN THE
COURT OF CRIMINAL APPEALS
OF TEXAS

TONY CARRASCO,
PETITIONER

v.

THE STATE OF TEXAS

\* \* \* \* \* \* \* \* \* \*

Petition in Cause No. 13-01-7724, from the
286th District Court of Hockley County, Texas,
Hon. Pat Phelan presiding
and Cause No. 07-14-00001-CR in the Court of Appeals
for the Seventh Supreme Judicial District of Texas

\* \* \* \* \* \* \* \* \* \*

PETITION FOR DISCRETIONARY REVIEW

David Crook, Crook & Jordan
Attorneys-at-Law
PO Box 94590
(806) 744-2082
(806) 744-2083 Fax

Attorney for the Petitioner,
TONY CARRASCO

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW TONY CARRASCO, Petitioner, by and through his attorney of record,

DAVID CROOK, and petitions the Court of Criminal Appeals of Texas to exercise its

discretionary jurisdiction to review the judgment of the Court of Appeals for the Seventh District

of Texas, Amarillo, Texas.  In support of this Petition, he would show this Honorable Court as

5

follows.

The grounds for review set forth in this petition concern the failure of the court of appeals to follow binding precedent; oral argument would be helpful to the Court in distinguishing the factual background of the case as shown in the record inasmuch as the facts of the case play an important role in defining the implications of Petitioner's argument.

**STATEMENT OF THE CASE**
(RULE 68.4(d), TEX. R. APP. PROC.)

On January 15, 2013, Petitioner was charged in a single count indictment. He was charged with Burglary of a Habitation with Intent to Commit Theft pursuant to Penal Code §30.02(a)(1).

The Hon. Anna J. Ricker of Levelland initially appeared as Appellant's Attorney of Record via a waiver of arraignment filed in the Cause on January 22, 2013 (CR p. 5). No later motion to withdraw appears in the Clerk's Record. However, the Hon. David Martinez appears as Appellant's trial counsel in later proceedings in the Cause.

On November 18, 2013, hearing was had on a motion for continuance that does not appear in the Clerk's Record (Reporter's Record ["RR"] vol. 2). By then Appellant was represented by Mr. Martinez. At the hearing, defense counsel requested a continuance to have more time to investigate issues relating to the filing of a *State's Notice of Intent to Seek Enhance Punishment Pursuant to Chapter 12, Texas Penal Code* (CR pp. 6-7). The State's Notice of Intent referred to two previous convictions for Robbery (CR p. 6). The State responded that the conviction mentioned, out of the 364th District Court of Lubbock County, was valid on its face and apparently had not been the subject of any appeal or other post-conviction proceedings. Appellant then gave evidence, testifying that he was in fact not guilty of the offense (RR v. 2, p.

8). On cross-examination, he stated that he pleaded guilty to Robbery because he thought it was in his best interest at the time (RR v. 2, pp. 10-11). After hearing the evidence, the Trial Court denied the motion for continuance (RR v. 21, p. 11). The Court then asked defense counsel if he was going to the judge or jury for punishment in the upcoming trial, and defense counsel indicated that it was his practice to have a look at the panel before making that decision (RR v. 2, p. 12).

The Clerk's Record does not reflect the filing of the usual pretrial motions by the defense. No motion for discovery, request for 404 and other notice, motion in limine, election of the jury for punishment purposes, *Brady* motion, or other pretrial motion shows in the record.

Jury selection began on November 19th, 2013. Appellant's jury trial on guilt-innocence commenced on the same day, and Appellant was convicted on the same day (RR v. 4, p. 95). Punishment proceedings began on November 20th. At the conclusion of evidence that day, the Court ordered the preparation of a pre-sentence investigation report (RR v. 5, pp. 27-28). Further sentencing proceedings took place on December 19, 2013. Neither side objected to the pre-sentence investigation report, which was introduced as D-1 (RR v. 6, pp. 5-6). The Court sentenced Appellant to life imprisonment in the Texas Department of Criminal Justice, Institutional Division, and imposed a fine of $10,000, finding the enhancement allegations of the State's notice of intent to be true (RR v. 6, pp. 6-8, CR pp. 14-15).

Appellant perfected appeal on January 2, 2014 (CR p. 19).

## STATEMENT OF PROCEDURAL HISTORY

(RULE 68.4(e), TEX. R. APP. PROC.)

The Seventh Court of Appeals rendered its decision affirming petitioner's conviction on October 20, 2015, in an unpublished Memorandum Opinion. No motion for rehearing was filed

by Petitioner. After the Amarillo Court affirmed, Petitioner requested and got one extension as to the filing of this P.D.R. This petition was filed with the clerk of the Court of Criminal Appeals within the time allowed by this Court's extension.

**PETITIONER'S GROUNDS FOR REVIEW**:

**NUMBER ONE: THE COURT OF APPEALS ERRED BY AFFIRMING DESPITE THE TRIAL COURT HAVING OVERRULED PETITIONER'S MOTION FOR A MISTRIAL IN THE TRIAL COURT, SINCE IN GUILT-INNOCENCE PHASE A STATE'S WITNESS REFERRED TO PETITIONER'S ALLEGED COMMISSION OF EXTRANEOUS OFFENSES THAT BY THEIR NATURE TENDED TO ESTABLISH WHAT THE STATE WAS TRYING TO PROVE AT TRIAL, TESTIMONY THAT WAS CLEARLY PREJUDICIAL AND COULD NOT BE CURED BY INSTRUCTION.**

**REASONS FOR REVIEW**:

**AS TO GROUNDS NUMBER ONE: THE DECISION OF THE COURT OF APPEALS CONFLICTS WITH THE APPLICABLE DECISIONS OF THE COURT OF CRIMINAL APPEALS.**

8

**ARGUMENT**

GROUNDS NUMBER ONE: THE COURT OF APPEALS ERRED BY AFFIRMING DESPITE THE TRIAL COURT HAVING OVERRULED PETITIONER'S MOTION FOR A MISTRIAL IN THE TRIAL COURT, SINCE IN GUILT-INNOCENCE PHASE A STATE'S WITNESS REFERRED TO PETITIONER'S ALLEGED COMMISSION OF EXTRANEOUS OFFENSES THAT BY THEIR NATURE TENDED TO ESTABLISH WHAT THE STATE WAS TRYING TO PROVE AT TRIAL, TESTIMONY THAT WAS CLEARLY PREJUDICIAL AND COULD NOT BE CURED BY INSTRUCTION.

*Applicable Portions of the Record*

In the guilt-innocence phase of Petitioner's trial, the State called Detective Chris Covarrubias of Levelland PD. Early in the direct exam, Covarrubias testified that in November of 2012, through his work he had come to know Petitioner (RR v. 4, p. 31). When asked how he knew Petitioner, Covarrubias referred to "a rash of burglaries" being committed at the time he met him. Petitioner objected as to the introduction of extraneous offenses, and asked for a mistrial. The Court sustained as to the objection, but overruled the mistrial motion. Petitioner then asked for an instruction to disregard, and the Court gave one (RR v. 4, p. 32).

*Standard of Review*

A mistrial is a device used to halt trial proceedings when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Young v. State*, 283 S.W.3d 854, 878 (Tex. Crim. App. 2009), *cert. denied*, 558 U.S. 1093, 130 S.Ct. 1015, 175 L.Ed.2d 622 (2009), *Ladd v. State*, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A prompt instruction to disregard will ordinarily cure error associated with an improper question and answer, even if it involves an extraneous offense or bad act. *Norton v. State,* 771 S.W.2d 160, 167 (Tex. App.—Tex. 1989, pet. ref'd), *Rojas v. State*, 986 S.W.2d 241, 251 (Tex. Crim. App. 1998). A mistrial is required only when the improper question [and, presumably, answer] is clearly prejudicial to the defendant and is of such a character as to suggest the impossibility of

9

withdrawing the impression produced on the minds of the jurors. *Alexander v. State*, 229 S.W.3d 731 (Tex. App.—San Antonio 2007, pet. stricken).

The particular facts of a case must be examined in making the determination of whether a given error necessitates a mistrial. *Hernandez v. State*, 805 S.W.2d 409, 413-414 (Tex. Crim. App. 1990), *cert. denied*, 500 U.S. 960 (1991). A trial court's denial of a mistrial is reviewed under an abuse of discretion standard. *State v. Gonzalez*, 855 S.W.2d 692, 696 (Tex. Crim. App. 1993), *Ladd*, *supra*, at 567.

*Applicable Law; Argument*

The applicable case law shows that reviewing courts tend to regard injection of extraneous offense evidence purporting to show that a defendant committed an offense identical or similar to the one he is on trial for as incurable by instruction and as amounting to reversible error. In *Music v. State*, 121 S.W.2d 606 (Tex. Crim. App. 1938), this Court reversed a burglary conviction where a witness [a deputy sheriff, it seems] testified that he had seen the defendant "and a number of other thieves" hanging around the house in question. *Id*. at 527. More recently, in *State v. Boyd*, 202 S.W.3d 393 (Tex. App.—Dallas 2007, pet. ref'd), the Dallas Court [citing *Music*, *supra*] held that an instruction to disregard will not cure the error of evidence of an extraneous offense when that evidence establishes exactly what the State is trying to prove. *Id*. at pp. 402-403. Likewise, in *Stine v. State*, 300 S.W.3d 52 (Tex. App.—Tex. 2010, pet. dis'd), the Texarkana Court, citing *Music* and *Boyd*, *supra*, held that an instruction to disregard will not cure the problem of erroneously admitting evidence of an extraneous offense that by its nature establishes what the state is trying to prove. *Id*. at 59.

In its opinion in the instant case the Seventh Court of Appeals asserted that the harm complained of was "not so inflammatory as to be incurable" by instruction. It noted the

language in *Young* [*supra*, at 878] to the effect that a witness's inadvertent [if such it was] reference to an extraneous offence is generally cured by a prompt instruction to disregard. While that may be the general rule, the Court of Appeals did not address the line of holdings in *Music* and the other cases cited, *supra*. Those cases distinguished between the general situation and the situation where the extraneous offense referred to is one that by its nature establishes what the State is trying to prove in the given trial. In *Young*, the defendant was on trial for capital murder. The reviewing court found a mistrial unwarranted where a State's witness made reference to the gun allegedly used by the defendant as being stolen. Thus, the particular situation of *Music* (and the instant case) did not apply.

In affirming despite this Court's holding in *Music*, the Court of Appeals thus failed to follow binding precedent.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, PREMISES CONSIDERED, Petitioner TONY CARRASCO, prays that the Court of Criminal Appeals grant his *Petition for Discretionary Review*, and that after submission, this Court reverse the decision of the Court of Appeals and remand the Cause.

Respectfully submitted,

David Crook
Crook & Jordan
Attorney-at-law
PO Box 94590
Lubbock, Texas 79493
(806) 744-2082
(806) 744-2083 Fax
dcrook@nts-online.net
Attorney for the Petitioner,
TONY CARRASCO

/s/ David Crook
DAVID CROOK
Texas State Bar No. 05109530

**CERTIFICATE OF COMPLIANCE WITH T.R.A.P. 9.4(i)(2)(D)**

This is to certify that the length of the foregoing *Petition for Discretionary Review* conforms with the Texas Rule of Appellate Procedure 9.4, in that the brief, computer-generated, is 809 words, which is no longer than 4,500 words, exclusive of the pages containing the identity of the parties and counsel, any statement regarding oral argument, the table of contents, the index of authorities, the statement of the case, the issues presented, the signature, and the proof of service.

/s/ David Crook
David Crook

**CERTIFICATE OF SERVICE**

This is to certify that a true and accurate copy of the above and foregoing PETITION FOR DISCRETIONARY REVIEW was served on the Hon. Christopher E. Dennis, attorney for the State of Texas, by e-mailing to Mr. Dennis's E-Mail address of cdennis@hockleycounty.org to the office of the County Attorney of Hockley County, Appellate Division. It was also e-mailed to Hon. Lisa McMinn, State Prosecuting Attorney, at information@spa.texas.gov on December 17, 2015.

.

/s/David Crook
David Crook

**<u>APPENDIX</u>**



In The

# Court of Appeals

## Seventh District of Texas at Amarillo

_____

No. 07-14-00001-CR
_____

TONY CARRASCO, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 286th District Court
Hockley County, Texas
Trial Court No. 13-01-7724; Honorable Pat Phelan, Presiding

October 20, 2015

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Tony Carrasco, was convicted following a jury trial of burglary of a habitation, a second degree felony.[1] The trial court found two enhancements to be true and assessed sentence at confinement for life.[2] In three issues, Appellant asserts the

---

[1] *See* TEX. PENAL CODE ANN. § 30.02(c)(2) (West 2011).

[2] If it is shown on the trial of a felony offense (other than certain state jail felonies) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous felony offense having become final, the offense shall be punishable by confinement for life, or for any term of not more than 99 years or less than 25 years. TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2014). Although the trial court orally pronounced a $10,000 fine, the judgment does not reflect that fine as being imposed. This would be consistent with the applicable range of punishment.

trial court abused its discretion by overruling (1) his motion for a mistrial, (2) his objection to evidence of extraneous offenses admitted during the guilt-innocence phase of his trial, and (3) his objection to the admission of an oral confession during the sentencing phase. We affirm.

BACKGROUND

In January 2013, an indictment issued alleging that, on or about October 14, 2012, Appellant, with intent to commit theft, entered a habitation without the effective consent of Heather White, the owner thereof. The State subsequently filed its *Notice of Intent to Seek Enhanced Punishment* alleging that, prior to the offense alleged in the indictment, Appellant had previously been finally convicted of two felony offenses, and the second previous felony conviction was for an offense that occurred subsequent to the first previous offense having become final.

At trial, Heather White testified that she returned home from work around 5:00 p.m. on the date in question and noticed her front door was open. Upon further inspection, she discovered wood chips on the floor near the front door and concluded someone had kicked in the front door. She called the police and after examining her belongings, determined that a television, camera, pair of diamond earrings, her husband's ring, and a tennis bracelet were missing.

The second witness, Chris Covarrubias, an investigator with the Levelland Police Department, testified he became acquainted with Appellant when they began to have a "rash of burglaries." Appellant objected to the admission of extraneous offense evidence and moved for a mistrial. The trial judge sustained the objection but overruled the motion for mistrial. Appellant's counsel then asked for an instruction that the jury

2

disregard Covarrubias's answer and the trial judge so instructed the jury.[3]  Covarrubias then testified that, on November 13, 2012, he picked Appellant up from jail and drove him to his office for an interview per their agreement.  Prior to the interview, he *Mirandized*[4] Appellant and Appellant executed a written waiver of his rights.  Appellant was told he could terminate the interview at any time.  Thereafter, Appellant was videotaped confessing to the burglary of the White residence.[5]  According to Covarrubias's testimony, Appellant's account of the burglary was corroborated by evidence at the scene of the crime.  After presenting these two witnesses, the State rested.

Appellant then testified that, prior to the interview, he was taken directly from jail to the police station where he was interviewed.  He testified he knew about White's house being burglarized and was aware of what was taken because he sold her property.  On cross-examination, he testified he did not break into the house but only sold the items taken.  He testified he confessed to the crime because he was under the influence of drugs.  He also testified he did not know he was being videotaped during the interview.  Covarrubias was called as a rebuttal witness and testified that during the ride to the station and during the interview, Appellant did not exhibit any signs of a

---

[3] Appellant subsequently requested and also received an extraneous offense instruction in the Court's Charge to the jury.

[4] *See Miranda v. State,* 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

[5] Appellant objected to admission of his videotaped confession because there was no evidence he was aware he was being videotaped.  The trial court overruled his objection and an excerpt of his confession to the White burglary was admitted.  The videotape camera was directly behind Covarrubias when he was interviewing Appellant and he got up to adjust the video camera near the beginning of the interview in Appellant's plain sight.

person under the influence of drugs.[6]  A jury subsequently found Appellant guilty of burglary of a habitation.

At the beginning of the sentencing proceedings before the trial judge, Appellant pleaded true to the first enhancement and not true to the second enhancement.  The State reoffered all evidence and testimony admitted during the guilt/innocence phase without objection.  Ray Scifres, a criminal investigator for the Hockley County Sheriff's Office, testified that, on November 20, 2012, he interviewed Appellant regarding a number of burglaries.  The interview room was not in the jail itself, and at the time, Appellant was not under arrest for any of the cases Scifres was investigating.  When Appellant's restraints were removed, Appellant said "I want to talk to you about these offenses.  Are you willing to talk with me?"  Scifres agreed, whereupon Appellant was read his *Miranda* rights and he executed a written waiver.[7]

Scifres testified Appellant then confessed to the commission of five additional burglaries involving a habitation.  Appellant described the location of each burglary, the method of entry, and the items stolen.  His information was corroborated by facts Scifres had established regarding each burglary.  After the interview, Appellant was released back into the custody of the jail staff, and Scifres prepared a case file for each of the burglaries.  Appellant was not arrested on these new burglaries until sometime after the interview.

---

[6] Appellant objected to the admission of the complete interview videotape based on Rules of Evidence 401, 402, 403, and 404(b).  The State asserted (1) Appellant's testimony at trial opened the door to admission of the complete interview, (2) the tape showed Appellant's demeanor, and (3) the detail with which Appellant described the various burglaries showed Appellant committed the crimes. The trial court overruled the objection.

[7] Appellant objected that his oral statements were inadmissible because there was no written record of his confessions and the interview did not comply with article 38.22 or 38.23 of the Texas Code of Criminal Procedure.  The State asserted the interview was not part of a custodial interrogation and the statutes did not apply. *See* TEX. CODE CRIM. PROC. ANN. art. 38.22 (West Supp. 2014).

4

Following a brief jury trial, the trial court accepted the jury's verdict and found Appellant guilty as charged. After electing to have the court assess punishment, Appellant pleaded true to the first enhancement and not true to the second enhancement. The trial court found both enhancements to be true and assessed Appellant's sentence at confinement for life. This appeal followed.

ISSUE ONE — MOTION FOR MISTRIAL

Appellant asserts the trial court abused its discretion by overruling his motion for mistrial during the guilt/innocence phase after Covarrubias testified he had gotten to know Appellant while investigating a "rash of burglaries." We do not believe the trial court abused its discretion in this situation.

A witness's inadvertent reference to an extraneous offense is generally cured by a prompt instruction to disregard. *Young v. State,* 283 S.W.3d 854, 878 (Tex. Crim. App. 2009), *cert. denied,* 558 U.S. 1093, 130 S. Ct. 1015, 175 L. Ed. 2d 622 (2009). A mistrial is a device used to halt a trial proceeding when error is so prejudicial that expenditure of further time and expense would be wasteful and futile. *Id.* (citing *Ladd v. State,* 3 S.W.3d 547, 567 (Tex. Crim. App. 1999)). Therefore, a mistrial should be granted only in cases where "the reference was clearly calculated to inflame the minds of the jury or was of such damning character as to suggest it would be impossible to remove the harmful impression from the jurors' minds." *Rojas v. State,* 986 S.W.2d 241, 250 (Tex. Crim. App. 1998).

We discern no abuse of discretion in the trial court's denial of a mistrial under the facts of this case. The testimony at issue did not actually assert Appellant committed or was responsible for the "rash of burglaries" and the trial court could have reasonably

concluded that the answer was not so inflammatory as to be incurable by the instruction to disregard that was immediately given and then repeated in the jury charge. *Young*, 283 S.W.3d at 878. Issue one is overruled.

ISSUE TWO — EXTRANEOUS OFFENSES

Generally, evidence of extraneous offenses is not admissible during the guilt/innocence phase of a trial to prove that a defendant committed the charged offense in conformity with a bad character trait. TEX. R. EVID. 404(b). *See Devoe v. State*, 354 S.W.3d 457, 469 (Tex. Crim. App. 2011). But extraneous offense evidence is admissible under both rules of evidence 403 and 404(b) if that evidence is relevant to a fact of consequence in the case apart from its tendency to prove conduct in conformity with character and the probative value of the evidence is not substantially outweighed by unfair prejudice. *See* TEX. R. EVID. 403, 404(b); *Martin v. State*, 173 S.W.3d 463, 467 (Tex. Crim. App. 2005). Extraneous offense evidence may also be admissible for other purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See* TEX. R. EVID. 404(b); *Devoe*, 354 S.W.3d at 469.

Whether extraneous offense evidence has relevance apart from character conformity, as required by Rule 404(b) is a question for the trial court. *Moses v. State,* 105 S.W.3d 622, 627 (Tex. Crim. App. 2003). Thus, we review a trial court's ruling on the admissibility of extraneous offenses under an abuse of discretion standard. *De La Paz v. State,* 279 S.W.3d 336, 343 (Tex. Crim. App. 2009). If the trial court's ruling is within the zone of reasonable disagreement, there is no abuse of discretion, and we uphold the trial court's ruling if the evidence shows that (1) an extraneous act is relevant

to a material, non-conformity issue and (2) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading of the jury. *Id.* at 344. Furthermore, the trial court's evidentiary ruling will not be disturbed if it is correct on any theory of law applicable to that ruling. *Id.*

Here, Appellant's opening and closing statements make it abundantly clear that negating his confession was the primary focus of his defense theory. By alleging his confession was coerced while he was under the influence of drugs, Appellant was contending that his confession was false, thereby opening the door to the admission of evidence for the purpose of rebutting his defensive theory. *See De La Paz,* 279 S.W.3d at 344-45 (defense opening statement may open the door to the admission of extraneous offenses to rebut defensive theories). During Appellant's case-in-chief, he testified on direct examination that he only confessed to the crime because he was under the influence of drugs and that his confession was a lie. In rebuttal, the State called Covarrubias who testified that the entire time Appellant was in his presence, Appellant's demeanor was not that of a person under the influence of drugs. Furthermore, in support of that testimony, the State attempted to corroborate Covarrubias's testimony by playing the interview tape in its entirety. Aside from containing Appellant's confession of the White burglary as well as others, the taped interview depicted Appellant's demeanor throughout the interview as being alert and coherent. Under the circumstances, it is at least subject to reasonable disagreement whether the extraneous offense evidence was admissible for the purpose of rebutting Appellant's defensive theory that his confession was coerced because he was under the influence of drugs during the interview and that he lied regarding the White burglary. *See Wheeler v. State*, 67 S.W.3d 879, 885 (Tex. Crim. App. 2002).

Finally, having reviewed the entire record, we find that the probative value of this evidence was not substantially outweighed by any danger of unfair prejudice to Appellant. *See Sanders v. State,* 255 S.W.3d 754, 760 (Tex. App.—Fort Worth 2008, pet. ref'd). The probative value of this evidence is that it supports the very cornerstone of the State's case—Appellant's confession. Because there were no eyewitnesses, no accomplice testimony, and Appellant was not in possession of any of the Whites' stolen property at the time of his arrest, his confession was highly probative of his guilt or innocence. Given the record in this case as a whole, we cannot say the probative value of that evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading to the jury. See *Wyatt v. State,* 23 S.W.3d 18, 26 (Tex. Crim. App. 2000) ("[a]ny evidence presented by the State is generally prejudicial to the defendant"). Accordingly, Appellant's second issue is overruled.

THIRD ISSUE — PUNISHMENT PHASE

Finally, Appellant asserts the trial court erred by admitting an interview wherein Appellant confessed to multiple burglaries during the punishment phase of his trial. He contends the trial court abused its discretion by admitting his oral confession because it was not recorded in conformity with article 38.22. We disagree.

Before the strictures of article 38.22 apply, the oral statement given by the accused must be "made as a result of [a] custodial interrogation." Art. 38.22, § 3(a). Generally, a person is considered to be in custody for purposes of article 38.22 when (1) the person is formally arrested or (2) the person's freedom of movement is restrained to the degree associated with a formal arrest. *Sloan v. State*, 418 S.W.3d

8

884, 889 (Tex. App.—Houston [14th Dist.] 2013, pet. ref'd) (citing *Thai Ngoc Nguyen v. State*, 292 S.W.3d 671, 677 (Tex. Crim. App. 2009)).

However, for a person who is already an inmate of a prison or jail, the question turns on whether, under the facts and circumstances of the case, a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave. *Id.* A prison inmate, like Appellant, is not in custody *per se.* *Id.* Factors used to determine whether a prison inmate is in custody include (1) the language used to summon the inmate, (2) the physical surroundings of the interrogation, (3) the extent to which the inmate is confronted with evidence of his or her guilt, (4) the additional pressure exerted to detain the inmate or the change in the inmate's surroundings which results in an added imposition on the inmate's freedom of movement and freedom to leave the scene, and (5) the purpose, place, and length of the questioning. *Herrera v. State*, 241 S.W.3d 520, 532 (Tex. Crim. App. 2007).

Here, Appellant was taken from jail to the sheriff's office to be interviewed. He was not under arrest for any of the burglaries that were being investigated by Scifres. Before the interview commenced, Appellant's restraints were removed and he was asked whether he was willing to speak with the investigator and Appellant replied in the affirmative. In fact, Appellant stated to Scifres, "I want to talk to you about these offenses. Are you willing to talk with me?" Moreover, after he asked to speak about the burglaries, he was given his *Miranda* rights orally and in writing, which he signed. Appellant freely described and confessed to the burglaries, after which he was released to the custody of the jail staff. Based upon these facts and the absence of any other evidence clearly establishing that a reasonable person would have felt that he or she was not at liberty to terminate the interrogation and leave, we hold that Appellant's

9

statement was not the product of a custodial interrogation. *See Sloan*, 418 S.W.3d at 889-90. *See also Howes v. Fields*, 565 U.S. ___, 132 S. Ct. 1181, 1192-94, 182 L. Ed. 2d 17 (2012). Accordingly, article 38.22, section 3(a) was not applicable. Appellant's third issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.

Patrick A. Pirtle<br>
Justice

Do not publish.